## ELLEN A. HENDRICKEN vs. SAMUEL MEADOWS.

Suffolk. November 13, 1891. — November 18, 1891.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Pitfall — Negligence — Due Care.*

In an action of tort, for personal injuries occasioned to a girl by stepping into an open register hole in the floor of the defendant's store, it appeared that the grating had been temporarily removed, and the defendant had instructed a clerk to warn persons entering the store to look out for the hole; that the plaintiff, a customer, called at the store and walked through the same with her eyes fixed upon the contents of a showcase, and fell into the hole and was injured; and that the store was well lighted, and, if she had looked to see where she was going, the accident would not have happened. The evidence was conflicting

on the question whether any warning was given to her, and whether she saw the hole before the accident. *Held*, that there was evidence sufficient to warrant the jury in finding that the plaintiff was in the exercise of due care, and that the defendant was negligent.

TORT, for personal injuries occasioned to the plaintiff, a girl between eighteen and nineteen years of age, by stepping into an open register hole in the defendant's store.

At the trial in the Superior Court, before *Hammond*, J., there was evidence that the register hole was in the floor of the store, and was about eighteen inches in diameter; that this hole ordinarily was closed by an iron grating, and was nearly opposite and about a foot in front of the end of a showcase about ten feet long, and at the end of the store farthest from the entrance door; that on the morning of the accident the grating had been removed for the purpose of cleaning it, and was returned to its place in about twenty minutes; that meanwhile the plaintiff called at the store twice; that in the showcase nearly opposite the hole were certain articles which the plaintiff at her first visit looked at and asked the price of from a clerk; that the store was well lighted, and the register hole was in the line of any person entering at the door by which the plaintiff entered, and could easily be seen by persons entering the store; and that the defendant had directed a clerk to warn all persons entering the store to look out for the hole. The defendant and the clerk both testified that the clerk seasonably warned all persons, including the plaintiff, to look out for the hole. The clerk testified that he warned the plaintiff on the occasion of her first visit to beware of the hole, and that the plaintiff then looked at it. The plaintiff testified that she did not hear the clerk's warning or see the hole, and that a warning given her by the clerk at the time of her second visit came too late to prevent her from stepping into the hole; that at her second visit she entered the store, placed her hand on the showcase, and so walked up the store, looking at the articles in the showcase, and that her attention was wholly given to them; that she did not look in front of her to see where she was going, and that if she had so looked the accident would not have happened.

The defendant asked the judge to rule that the plaintiff's action could not be maintained on the evidence; but the judge

refused so to rule, and submitted the case to the jury, with instructions to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. F. Buswell*, for the defendant.

*J. R. Murphy*, for the plaintiff, was not called upon.

LATHROP, J. The only questions which have been argued by the defendant in this case are whether there was sufficient evidence to warrant the jury in finding due care on the part of the plaintiff, and also negligence on the part of the defendant.

We are of opinion that there was evidence for the jury on both of these points. The evidence was conflicting on the questions whether any warning was given to the plaintiff, and whether she saw the hole before the accident. Although it appears that she might have seen the hole if she had looked on the floor, and had not had her eyes fixed upon the articles in the showcase which she desired to purchase, yet we cannot say, as matter of law, that such conduct on her part amounted to a want of due care. Whether a woman who, while in a shop where she has no reason to apprehend danger, keeps her eyes fixed upon articles which are put on exhibition to attract purchasers, rather than upon the floor in search of pitfalls, uses the ordinary caution and vigilance which persons of reasonable prudence would be expected to use under like circumstances, is a question of fact for the jury, and not of law for the court.

If no warning was given, the evidence was abundant to warrant the jury in finding that the defendant was guilty of negligence. Although there was evidence that the defendant's clerk warned the plaintiff, she testified that she did not hear the warning. The defendant contends that this is not sufficient evidence that the warning was not given. But the plaintiff could not, by her own testimony, contradict the defendant's evidence in any other way. The jury might well have been of the opinion that, under the circumstances, if any warning was given, it must have been heard; and, if they believed the plaintiff, have found that, as the warning was not heard, it was not given.

*Exceptions overruled.*