ELIZA B. McDERMOTT vs. GEORGE H. SALLAWAY.

Suffolk.　January 6, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Evidence,* Presumptions and burden of proof. *Negligence,* Of one owning or controlling real estate.

A jury before whom is being tried an action of tort, wherein the defendant and employees of the defendant testify in his behalf, has a right to accept any admissions against the defendant's interest made by him or by his witnesses, to reject so much of their testimony as was favorable to him, and to reach a conclusion directly opposite to statements of one of such witnesses, provided such conclusion is warranted by other parts of the evidence, contained in the testimony of such witnesses or elsewhere, or inferences therefrom.

Although customers in shops must maintain a reasonable outlook for the condition of the premises and govern themselves accordingly, nevertheless they may reasonably expect, unless warned, to be in safety while they are examining goods, bargaining, or waiting for the delivery of purchases in the place where the proprietor displays goods for sale either upon permanent counters or in the hands of an employee.

At the trial of an action of tort against the proprietor of a meat and fish market to recover for injuries alleged to have been received by the plaintiff, a woman, because an employee of the defendant negligently pushed a door against her while she was in the market as a customer, there was evidence tending to show that the plaintiff often had been to the store before, but never had noticed the door in question, which was the door to the defendant's meat refrigerator, that the door weighed one hundred and sixty-two pounds, and, when closed, was secured by a brass bar which was fastened to the door jamb and swung across the door and fitted into a finger of brass which protruded about two and a half inches from the door and extended upward about three inches, that, when the door was opened at right angles to the passageway in front of it, it extended to within ten and one half inches of a counter composed of a bench and a series of blocks which formed the other side of the passageway, that the counter ran down the middle of the rear part of the market, had goods displayed upon it, and had passageways on each side of it, that fish were kept in the rear of the market but, when customers desired them, were brought to them at the counter by a clerk; that, on the occasion when the plaintiff was injured, she had walked into the market until she met a clerk to whom she gave her order and, while she waited for him and was standing in the passageway in front of the refrigerator, where she had stood before, she was struck in the back by the brass finger in the door, and thrown forward two or three steps. Evidence introduced by the defendant tended to show that an employee of the defendant had opened the door in seeking to come out of the refrigerator, but that, before entering it he had warned the plaintiff not to stand in front of the door. *Held,* that there was evidence warranting a finding that the plaintiff was in the exercise of due care and that the defendant's employee negligently opened the door against her.

TORT for personal injuries received by the plaintiff while in the defendant's store as a customer, and alleged in the declara-

tion to be due to the fact that " the defendant or his agent or servant negligently and carelessly pushed a door " against her. Writ in the Municipal Court of the City of Boston dated October 15, 1906.

On appeal the case was tried before *White,* J. The facts are stated in the opinion.

At the close of the evidence, the defendant requested the presiding judge to direct a verdict for the defendant, but the request was refused, there was a verdict for the plaintiff, and the defendant alleged exceptions.

*C. S. Knowles,* for the defendant.

*J. E. McConnell,* (*J. W. McConnell* with him,) for the plaintiff.

RUGG, J. This is an action of tort to recover for personal injuries sustained by the plaintiff while in the meat and fish market of the defendant as a customer. No claim was made that there was any defective condition in the market. The plaintiff's sole contention was that there was carelessness on the part of the servant of the defendant in opening a door against her. Running down the middle of the rear part of the market, there was a series of blocks and a bench, constituting a substantially continuous counter, on both sides of which was a space or passageway. The blocks were for the purpose of chopping meats and the bench was for the purpose of exposing for sale meats and other provisions. On the left side of this passageway was a door leading into the refrigerator for meats. This door weighed one hundred and sixty-two pounds, opened outward, and, when closed, was held in place by a brass bar fastened to the jamb and swinging on a screw into a protruding, upturned brass finger on the door. This finger projected out from the door two and a half inches, and extended, tapering upward, three inches. The door weighed considerably less than many doors in court houses and office buildings. The width of the passageway opposite the refrigerator door was three feet eight inches, but, when the door swung open so as to extend across the passageway and at right angles to the block (which formed that part of the counter directly opposite the door), the space between the edge of the opened door and the block was ten and one half inches. The plaintiff went into the store, and, standing at the block opposite

the refrigerator door, where she had stood before when she had been a customer, gave her order for fish to a clerk, who went to another part of the store to fill it. There was no fish on the chopping block, but it was brought and put in front of her. She testified that she had often been in the store before, but had not noticed the door; that on previous occasions she had gone through the store till she got some one to wait on her, and on other days had stood in the same place opposite the block; and that, while she was waiting and after she had been standing " in front of the chopping block," as she thought, " for a minute," she was struck in the back by the brass finger on the door, " thrown forward two or three steps toward " the block and " put out her hands to catch hold of the " block, and stood there for several minutes. She did not know by whom nor how the door was opened, further than this, and never had been given any warning not to stand in front of this door. The door was opened by an employee of the defendant, one Wirtz, who testified that, while the plaintiff was standing at the block, he went to the refrigerator for some meat and asked her to step aside, in order that he might go in. As he opened the door to come out, he found that something hindered the opening of the door, and he " put his head around the door and saw the plaintiff standing there. The door had struck her. He asked her to step out of the way so he could get out, and she moved and he squeezed himself out." The plaintiff's testimony as to the number of customers varied from saying once that there were " dozens," and again that she could not tell how many there were; also that they were standing " all over the whole store," and that there were but two or three on " the side of the table " where the refrigerator was.

An employee of the defendant testified that people went down either passageway as they chose; that the fish was kept at the further end of the passageway; that when customers asked for fish he brought it to them, and sometimes people wanted to see the fish before they bought it.

In passing upon the effect of this evidence as matter of law after a verdict for the plaintiff, it must be borne in mind that the jury had a right to accept any admissions made by the defendant or his witnesses, and reject so much of their testimony as was favorable to themselves, *Jefferds* v. *Alvard*, 151 Mass. 94,

or find, in the very teeth of a denial by the witness, an opposite conclusion based upon inferences from other parts of the evidence. *Elliott* v. *Baker*, 194 Mass. 518.

Patrons of shops cannot be oblivious to the existence of doors and the possibility that they may be used. They must maintain a reasonable outlook for the condition of the premises, and govern themselves accordingly. But in the place where the proprietor displays goods for sale, whether upon permanent counters or in the hands of his servant, customers may reasonably expect, unless warned, to be in safety, not only while making examination or bargaining, but also while waiting for the delivery of purchases. Where space for the public is as narrow as in the present case, it cannot be said as matter of law that the plaintiff was negligent in failing to observe the door and to apprehend that it was likely to be opened upon her with such force as to throw her forward while, in reliance upon the invitation of the defendant and without warning, she was dealing with his agent. It is obvious that the jury could not have given full credit to the testimony of the defendant's servant, Wirtz, for he stated that he asked the plaintiff to step aside in order that he might enter the refrigerator. This was an express warning, and if, while he was inside, she stepped in the way of the door, she was not in the exercise of common prudence. Having discredited this view, the jury may have found that the plaintiff was standing so near the door that Wirtz must have seen her as he entered the refrigerator, and that, knowing the proximity to be such that a step might bring her within the sweep of the door as it swung open, without warning, he opened the door with such force that she was thrown forward two or three steps. It cannot be ruled as matter of law that this conduct, in view of Wirtz's knowledge of the plaintiff's presence, may not be found to have been lacking in the requisite regard for the safety of others which it was his duty to observe. *Paine* v. *Armour*, 194 Mass. 334.

*Exceptions overruled.*