HARRIET E. WHEELER *vs.* WILLIAM H. SAWYER.

Worcester. September 29, 1914. — October 23, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Of one controlling real estate.

In an action against the owner of a building for personal injuries sustained by a woman from being thrown down a staircase in the building by her toe catching in the brass edging of the top or the next to the top step of the stairway, as she was returning from a shop in which she was a customer, one flight up in the building, it was admitted that the stairway was wholly within the defendant's control, and there was evidence, that, at the place where the plaintiff's toe was caught, the brass binding was not fastened down securely and was turned back from the top of the stairs and that it looked old and worn, and the agent in charge of the property, when called as a witness, could not say whether the brass binding on the top and second steps was put on two or ten years before the accident. The jury saw the stairs and also photographs taken after the accident, and returned a verdict for the plaintiff. *Held,* that there was evidence that the defendant knew or ought to have known of the existence of the defective condition of the stairway which caused the plaintiff's injuries.

TORT for personal injuries sustained by the plaintiff on January 10, 1913, from falling down a part of a staircase in the defendant's building numbered 390 on Main Street in Worcester, by reason of her toe being caught by the brass edging on one of the two top steps of the flight, when she was returning from Gard's jewelry store, one flight up in that building, where she had gone to get some jewelry that had been left there to be repaired. Writ dated February 12, 1913.

In the Superior Court the case was tried before *Dana,* J. The evidence is described in the opinion. The plaintiff testified that she was in Gard's store perhaps ten or fifteen minutes on the day of the accident and got the jewelry, and then testified as follows: "When I came out I started to go down and I caught my foot in the brass and it threw me down, causing the injuries for which suit was brought. I felt as if it caught my toe at the top of the stairs on the landing. The stairs were not very light; they were rather dark; it is a dark entrance. I did not notice any artificial light in there."

At the close of the evidence the defendant asked the judge to rule as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence that the defendant knew of the existence of the defective condition which the plaintiff claims existed, nor that the defect claimed by the plaintiff had existed long enough so that the defendant, by the exercise of reasonable care, might have known that the defect alleged by the plaintiff existed."

The judge refused to make either of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,850. The defendant alleged exceptions.

*J. Clark, Jr.,* for the defendant.

*C. Brewer,* for the plaintiff.

DE COURCY, J. It is not in dispute that the flight of stairs down which the plaintiff fell was wholly within the control of the defendant, who was the owner of the building; and that he owed to the plaintiff, as a customer of one of his tenants, the duty of keeping the stairs in a reasonably safe condition. The jury were warranted in finding that he failed to perform that legal duty because of his allowing the brass binding on the edge of the top step, or on that of the second one from the top, to become loosened and raised from the woodwork. It could be found that at the place where the toe of the plaintiff's shoe caught, the brass binding was not fastened down securely and was turned back from the top of the stairs, and that it looked old and worn. The ordinary use of the stairway would tend to loosen the screws by which the brass was attached to the step; and, although the defendant testified that the steps were repaired within two years, his agent in charge of the property could not say whether the binding on the edge of the top and second steps was put on two or ten years before the accident. The jury saw the stairs and the photographs taken after the accident. In view of this evidence, and the inferences that might be drawn from the appearance and condition of the brass, the judge rightly refused to give the second ruling requested by the defendant. *Toland* v. *Paine Furniture Co.* 179 Mass. 501. *Anjou* v. *Boston Elevated Railway,* 208 Mass. 273.

It is unnecessary to consider whether the defendant could

be held liable on the further ground that the hallway was insufficiently lighted.

The question of the plaintiff's due care plainly was for the jury. *Marston* v. *Reynolds*, 211 Mass. 590.

*Exceptions overruled.*