ANNIE REGAN *vs.* BOSTON AND MAINE RAILROAD.

Essex.   March 27, 1916. — June 20, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In railroad station, Railroad.

In an action by a woman against a railroad corporation for personal injuries sustained, when St. 1914, c. 553, was in force, in a station of the defendant by falling over a portable step when the plaintiff was walking toward the train for which she had purchased a ticket, where the plaintiff has testified that "as she walked down the platform she was looking straight ahead and that at no time did she remember looking down to see where she was stepping, nor did she at any time look to see where she was putting her feet as she walked along there," this does not show as matter of law that the plaintiff was negligent, and on this and other evidence the question whether under all the circumstances she was in the exercise of ordinary care properly may be left to the jury.

In an action against a railroad corporation by a passenger, who, when walking along the platform in a terminal railroad station to take a train for which he had purchased a ticket, was injured by falling over a portable step, of the kind usually placed on the station platform for the use of persons entering or leaving Pullman cars, that had been left unguarded and had been allowed to become displaced so as to be for some moments in the path of passengers on the way to their trains, it is a question for the jury whether the defendant was negligent in allowing the step to get out of place.

If, in such an action, it appears that the care of the use of such steps on the station platform was left by the defendant to the servants of the Pullman Company, the defendant is responsible for their negligence which results in harm to its passengers.

Rugg, C. J.   The plaintiff, having bought her ticket for passage on the defendant railroad, on an October evening, in the year 1914, was walking on a platform in its North Station in Boston toward a car of the train on which she was to be carried, when she fell over a portable step and received injuries.   There was evidence tending to show that the light was somewhat dim and that there were groups of people here and there on the platform.   The obstacle over which she fell was the ordinary movable step usually placed on the platform for the convenience of persons using Pullman cars, five of which were attached to this train.   The plaintiff had to pass these cars to reach the coach in which she was to travel.   This step was not in its proper place at the entrance of any of the Pullman cars, but was on the platform about two feet from the side of one of them and opposite the first window from its forward end.   No Pullman porter or employee of the defendant was near by.   There was evidence that a porter had gone into the car, but none as to the length of time the step had been in the place where the plaintiff encountered it.

The plaintiff testified that "as she walked down the platform she was looking straight ahead, and that at no time did she remember looking down to see where she was stepping, nor did she at any time look to see where she was putting her feet as she walked along there."   There was other evidence tending to show that she was careless.   But it was for the jury to say whether on the whole she was using such attention and vigilance as would the ordinarily prudent person under all the circumstances, including the possibility of bags and other things being on the platform, and whether she ought to have been heedful of the likelihood of such an obstruction in such a place.

The step was left unguarded for some moments, though the period of time was not shown definitely. It was removed from its proper position. The jury found in answer to a question by the presiding judge * that the only cause of the accident attributable to negligence was the fact that the step was out of place. The common use of such articles in connection with Pullman cars must have been known to the responsible agents and officers of the defendant. This factor distinguishes the case at bar from *Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52, *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227, and like cases.

If care in the use of such steps on its platform was left by the defendant to the servants of the Pullman Company, then the defendant is responsible for their negligence resulting in harm to its passengers.

Whether it was negligence to leave the step unguarded, so that it could become displaced several feet, was for the jury. The case is within the principle illustrated in *Anjou* v. *Boston Elevated Railway,* 208 Mass. 273. The charge of the judge of the Superior Court was fair and accurate.

*Exceptions overruled.*

The case was submitted on briefs.

*H. F. Hurlburt, B. B. Jones & D. E. Hall,* for the defendant.
*R. E. Burke & E. E. Crawshaw,* for the plaintiff.

---

* *Sanderson,* J. The jury returned a verdict for the plaintiff in the sum of $750; and the defendant alleged exceptions.