GEORGE H. BLOOD (afterwards ELLEN BLOOD, administratrix,) *vs.* JOHN D. ANSLEY.

Suffolk.   October 28, 1918. — December 31, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Invited person, Of one controlling real estate, Unguarded well in floor of building, Contributory.

An inventor of a pattern for a mechanical device, who had sent it to a foundry to have a casting of it moulded, received a message from the foundry that there was some trouble with the casting and asking him to have some one

come over to see about the measurements. The inventor went himself to the foundry and, finding no one in the office, went into the moulding room. There he was shown the casting but it was too dark in the moulding room to see the measurements and the plaintiff, carrying the casting and accompanied by two workmen of the foundry, walked to the rear of the foundry room and toward the outer door of the "tumbling room" to get where there was more light, and in doing so stepped into a well in the floor and was injured. In an action brought by him against the proprietor of the foundry for his injuries thus sustained, it was *held* that the jury were warranted in finding that the plaintiff was on the defendant's premises by invitation and that it could not be said as matter of law that the invitation was confined to one particular part of the foundry.

In an action against the proprietor of a foundry for personal injuries sustained by reason of falling into a well in the floor of the foundry, to which the plaintiff had been invited for the purpose of inspecting a pattern for a casting, it appeared that the plaintiff never had been in the building before and was not told of the existence of the well, that he was walking to the rear of the foundry room toward an outer door to get where there was more light, looking at the pattern and measuring it when, as he testified, "the first thing I knew my right foot went down this hole." *Held,* that, it was a question of fact for the jury whether the defendant's duty did not require him to guard the well or to see that the plaintiff should be warned of its existence, and accordingly that the question of the defendant's negligence was for the jury.

In the case above described it appeared that the plaintiff did not look down to see where he was stepping, but it was pointed out that the jury, who viewed the premises, might have found that the well was not so obvious that the plaintiff would have noticed it by looking, and it was *held* that, with the presumption created by St. 1914, c. 553, it could not be said that it was error for the presiding judge to submit to the jury the question of the plaintiff's contributory negligence.

Tort, brought originally by George H. Blood, of Boston, and, upon his death, which occurred about two years after the trial, allowed to be prosecuted further by Ellen Blood, the administratrix of his estate, for personal injuries sustained on June 13, 1914, by falling into a well or cistern in the floor of the defendant's foundry in Everett, to which the original plaintiff had been invited for the purpose of inspecting a pattern for a casting. Writ dated June 3, 1915.

In the Superior Court the case was tried before *Sanderson,* J. The evidence is described in the opinion. At the close of the plaintiff's evidence the defendant asked the judge to rule that the plaintiff was not in the exercise of due care; that his own act contributed to the accident and that he could not recover. The judge refused to make this ruling upon the ground that under

the provisions of St. 1914, c. 553, there was a presumption that the plaintiff was in the exercise of due care and contributory negligence was made an affirmative defence to be proved by the defendant.

At the close of all the evidence the defendant asked the judge to make the following rulings:

"1. That, upon the evidence of the plaintiff, he was not in the exercise of due care and his negligence contributed to the injury.

"2. That, upon the plaintiff's evidence, he cannot recover.

"3. That, upon the evidence of the plaintiff, the plaintiff was not in the exercise of due care and his negligence contributed to the injury and he cannot recover.

"4. Upon the whole evidence the plaintiff is not entitled to recover."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in October, 1918, and afterwards was submitted on briefs to all the justices.

*H. H. Newton*, for the defendant.

*F. W. Mansfield*, for the plaintiff.

DE COURCY, J. The plaintiff's intestate suffered personal injuries on June 13, 1914, by falling into a well or cistern in the defendant's foundry. The building is on the southerly side of Crescent Street in Everett, is thirty feet in width by ninety feet in length, and divided into four rooms. In the northeast corner facing the street is an office, and connecting with it is a pattern room, in the northwest corner. Back of these is the moulding room, extending fifty feet in depth and the full width of the building. Here is where most of the work is performed, the castings made and the flasks set. Back of the moulding room, and connected with it by a wide doorway in the centre of the partition, is the tumbling room, which has windows on the westerly and southerly sides, and on the easterly side a door four feet wide by five feet eight inches high, opening out into the yard. Near this outside door, and between it and the southerly wall of the building, is a spring of water enclosed in a concrete barrel.

about four feet in diameter. The spring is planked over, and has a door sixteen by twenty-eight and one half inches, which opens on hinges back against the easterly wall of the building and is fastened by a catch. In the tumbling room are the furnace, heater, emery wheel, motor and grindstone, and at the time of the accident there were castings, barrels and boxes scattered about the floor, — three barrels and a pile of castings being near the spring according to some of the testimony. The floors of both the moulding room and the tumbling room were of cement, and the top cover of the spring was raised about an inch above the floor.

On the evidence most favorable to the plaintiff the jury could find the following facts as to the accident: The plaintiff's intestate, George H. Blood (hereinafter referred to as the plaintiff), a pattern maker and inventor, had taken to one Murphy a pattern of a mechanical device, and Murphy had sent it to the defendant Ansley to have a casting moulded. When the casting was ready for inspection, the defendant notified Murphy that there was some trouble with it and told him to have some one come over and see about the measurements; and accordingly, at Murphy's suggestion, the plaintiff went to the foundry for that purpose. Finding no one in the office he went into the moulding room. There he saw Cilka, a moulder whom he knew, inquired for Ansley, and said he had come to see the pattern. Cilka had been told by the defendant that the core on that "core box" or pattern was wrong. Another workman, one Carey, who had done the work and knew that there was something wrong about it, had left the pattern in the tumbling room where he could find it, after hearing the defendant say that somebody was coming to look it over. In answer to the plaintiff's inquiry Cilka said that Ansley had gone off in an automobile, and thereupon he brought the finished casting, and Carey brought the pattern, or "core box," to the plaintiff. Blood took out his rule or scale to measure the pattern, but it was too dark in the moulding room to see the measurements. With Cilka by his side, and Carey close behind carrying the casting, the plaintiff walked to the rear of the foundry room, to get where there was more light, and toward the outer door of the tumbling room, looking at the pattern and measuring it, and, as he testified,

"the first thing I knew my right foot went down this hole."
He never before had been on the premises, and neither of the
men told him about the well. These workmen had no instruc-
tions not to allow people to go into the tumbling room, and
they had seen the defendant himself go there with other people
to look at castings.

The jury were warranted in finding that the plaintiff was on
the premises by invitation, and we cannot say as matter of law
that the invitation was confined to one particular part of the
foundry. The defendant was bound to exercise reasonable care
to keep the premises safe for use according to his invitation,
and it was a question of fact for the jury whether that duty did
not require the defendant to safeguard this well, which was
near the approach to the door, either by providing some barrier,
or keeping the view of it unobstructed, or seeing to it that the
plaintiff should be warned of its existence. *Hendricken* v. *Mead-
ows,* 154 Mass. 599. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18.

On the issue of the plaintiff's due care, his failure to look
down to see where he was stepping tends to show that he was
careless. Yet the danger which he encountered was not a cast-
ing or other obstruction ordinarily to be expected in a foundry,
but a well, and the jury, who viewed the premises, may have
found that it was not so obvious that the plaintiff would have
noticed it by looking. *Marston* v. *Reynolds,* 211 Mass. 590.
*Regan* v. *Boston & Maine Railroad,* 224 Mass. 418. *Smith* v.
*New England Cotton Yarn Co.* 225 Mass. 287. Especially in
view of St. 1914, c. 553, creating a presumption of due care on
the part of the plaintiff and making his contributory negligence
an affirmative defence to be proved by the defendant, we cannot
say that the trial judge erred in submitting this issue to the
jury, with appropriate instructions. *Nye* v. *Louis K. Liggett Co.*
224 Mass. 401. *Duggan* v, *Bay State Street Railway,* 230 Mass.
370.

In the opinion of a majority of the court the exceptions must
be overruled; and it is

                                                   *So ordered.*