ELIZABETH BLEASE *vs.* WALTER W. WEBBER & others.

Middlesex. January 8, 1919. — February 26, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Of one controlling real estate.

In an action by a woman against the proprietor of a retail store for personal injuries sustained after the enactment of St. 1914, c. 553, by falling on a slippery runway or incline in the dimly lighted basement of the store, to which the plaintiff had been conducted by a salesman for the purpose of purchasing some

blankets, if there is evidence that the runway was used for rolling over it heavy trucks loaded with goods and was smooth and slippery in the centre, that there was a strip of rubber matting twenty-one inches wide at the right side of the runway as the plaintiff descended it, but that the salesman took hold of the plaintiff's right arm and conducted her down the centre of the runway, where she fell and was injured, and that the salesman was between her and the matting, which she did not see until after she fell, it can be found that the runway had been provided by the defendant as a means of passage for his customers and that it was in a slippery and dangerous condition, which made it unsafe for the plaintiff to pass over it, and that the plaintiff was not negligent, so that on both issues the case is for the jury.

TORT by a woman sixty-one years of age for personal injuries sustained on November 26, 1915, when the plaintiff as a customer of the defendants and by their invitation was at the defendants' dry goods store in the building numbered 100 on Kingston Street in Boston, by reason of falling on an inclined runway maintained by the defendants as a passageway in their store, which was alleged to have been in a dangerous and unsafe condition on account of its smooth and slippery surface. Writ dated October 19, 1916.

The defendants' answer, besides a general denial, alleged that the plaintiff by her own negligence contributed to her injury.

In the Superior Court the case was tried before *Keating,* J. The evidence is described in the opinion. The judge refused to order a verdict for the defendants, and also refused to make certain rulings requested by the defendants. The defendants excepted to that part of the charge of the judge wherein he instructed the jury, "that it was the duty of the defendants to exercise reasonable care to keep the runway safe for the use of the plaintiff as their customer."

The judge submitted to the jury three questions, which with the answers of the jury were as follows:

"1. Was the plaintiff escorted by Mr. Homans at the time of the accident?" The jury answered "Yes."

"2. Did the defendants exercise reasonable care in making the inclined passageway or runway safe for the use of its customers?" The jury answered, "No."

"3. Did the plaintiff exercise due care?" The jury answered, "Yes."

The jury returned a verdict for the plaintiff in the sum of $10,280; and the defendants alleged exceptions.

*R. Clapp*, for the defendants, submitted a brief.

*H. Hogan*, (*J. P. Driscoll* with him,) for the plaintiff.

CROSBY, J.   This is an action for personal injuries received by the plaintiff while in the store of the defendants.   She testified that she was acquainted with one Homans, a salesman in the defendants' employ, and that he had invited her to the store; that after making some purchases on the street floor she went with Homans to the basement, which she described as "rather dark, darker than upstairs," (although she also testified that she had no difficulty in seeing her way round); that after reaching the basement she walked up a wooden incline or runway to another room where she purchased some blankets, and then Homans took hold of her right arm and conducted her down the centre of the runway.   She also testified as follows: "when I reached a point about half way down the runway my feet commenced to slip away from me and I fell and broke my hip."   It appeared that the runway was extensively used for rolling heavy trucks loaded with goods over it and that it was smooth and slippery in the centre.   There was a strip of rubber matting twenty-one inches wide on the right side of the runway as the plaintiff walked down it, which, she testified, she did not see until after she fell as Homans was walking beside her and was between her and the matting.

The plaintiff was rightfully in the defendants' store by their invitation and they owed to her the duty to maintain the premises in a reasonably safe condition for her to use in accordance with the invitation.   The jury could have found that the runway had been provided by the defendants as a means of passage for their customers, and that it was in a slippery and dangerous condition which made it unsafe for the plaintiff to pass over.   Such a finding would warrant a finding of negligence.

It could not have been ruled as matter of law that the plaintiff was not in the exercise of due care.   *Hendricken* v. *Meadows,* 154 Mass. 599.   *McDermott* v. *Sallaway,* 198 Mass. 517.   St. 1914, c. 553.   The circumstance that she did not see the rubber matting and did not walk on it in passing down the incline is not conclusive as to her conduct; the jury may have found that she could not readily see it because the place was not properly lighted, or they may have found that because Homans was walking beside

her it was hidden from her view; accordingly, she cannot be said to have been careless as matter of law. *Marwedel* v. *Cook,* 154 Mass. 235. *Marston* v. *Reynolds,* 211 Mass. 590.

The defendants' requests for rulings could not properly have been given for the reasons stated.

*Exceptions overruled.*