MARY J. JUDSON *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

Essex.    May 17, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Negligence,* Of one owning or controlling real estate, Contributory.

At the trial of an action by an elderly woman against an express company for personal injuries received when the plaintiff fell in an office of the defendant in a city, there was evidence tending to show that the plaintiff went to the office at about 9:15 in the morning to get a parcel, entered the door from the street, went to the farthest counter and asked for the parcel that had come the night before; that it was dark at the counter and there was no artificial light there; that she was told that the parcel was there; that she stood at the counter about five minutes and then went to the clerk in the next cage and asked him to keep the parcel a few days; that she then turned to leave, took three steps and fell upon the floor; that, after she was picked up and placed in a chair, she looked where she had fallen "and saw that she had 'slurred' right along on both feet. 'There was a mark with . . . [her] heels down where . . . [she] had fallen.' The floor was very greasy and sloppy, very slimy, at the point where she fell;" that while she was sitting in the chair she saw a man mopping the floor but did not observe him or that the floor was being cleaned before that time.    An employee of the defendant, called by the plaintiff, testified that the floor was washed that morning by an employee of another corporation at the expense of the defendant.    It did not appear whether the place where the plaintiff fell had been mopped before she entered the office or while she was at the counter.    *Held,* that

(1) The plaintiff was rightfully in the defendant's office by its invitation and it owed her the duty to maintain the premises in a reasonably safe condition for her use in accordance with the invitation;

(2) The fact that the plaintiff did not observe the condition of the floor before she fell was not conclusive evidence of contributory negligence on her

part, as she properly could assume that the floor was safe for her to walk upon;

(3) The question of the plaintiff's due care was for the jury;

(4) The question of the negligence of the defendant was for the jury, who could have found that in the exercise of reasonable care for the safety of those who were rightfully on its premises the defendant should have given them some warning to prevent injury.

TORT for personal injuries resulting from a fall in the office of the defendant at Lawrence on July 30, 1919. Writ in the District Court of Lawrence dated September 4, 1919.

On appeal to the Superior Court, the action was tried before *Cox,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant rested and moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*A. M. Pinkham,* for the defendant.

*W. F. Moyes,* for the plaintiff.

CROSBY, J. The plaintiff, an elderly woman, went to the office of the defendant in Lawrence about a quarter past nine o'clock in the morning, to get a parcel. She entered the door from the street, went to the farthest counter and asked for the parcel that had come the night before; she was told it was there. She testified that she stood at the counter about five minutes and then went to the clerk in the next cage and asked him to keep the parcel a few days; that she then turned to leave, took three steps, and fell upon the floor; receiving injuries for which she seeks to recover in this action. After falling she was picked up and placed in a chair. She further testified that she looked where she had fallen "and saw that she had 'slurred' right along on both feet. 'There was a mark with . . . [her] heels down where . . . [she] had fallen.' The floor was very greasy and sloppy, very slimy, at the point where she fell;" that while she was sitting in the chair she saw a man mopping the floor, but did not observe him, or that the floor was being cleaned before that time.

A witness called by the plaintiff testified that he was the cashier of the defendant at that office; that the floor was washed that morning by an employee of the Lawrence Window Cleaning Company at the expense of the defendant. It did not appear whether

the place where the plaintiff fell had been mopped before she entered the office or while she was at the counter.

The plaintiff was rightfully in the defendant's office by its invitation and it owed her the duty to maintain the premises in a reasonably safe condition for her use in accordance with the invitation. She could properly assume that the floor was safe for her to walk upon. The fact that she did not observe its condition before she fell is not conclusive against her right to recover. She testified that, while it was light when she went in, when she got to the counter it was dark; that there were no artificial lights there. From the fact that she did not look at the floor until after she fell, it could not have been ruled that she was careless; she was not bound to keep her eyes upon the floor before her. Whether she was in the exercise of due care was correctly submitted to the jury. *Woods* v. *Boston*, 121 Mass. 337. *Hendricken* v. *Meadows*, 154 Mass. 599. *McDermott* v. *Sallaway*, 198 Mass. 517. *Marston* v. *Reynolds*, 211 Mass. 590. *Blease* v. *Webber*, 232 Mass. 165. St. 1914, c. 553.

The question of the defendant's negligence also was for the jury. Its contention that it had a right to wash its floor cannot be doubted. It does not follow, however, that this could be done at a time when persons were invited to walk over it, and when it could have been found to be "very greasy and sloppy" and "slimy" and no warning was given of such condition. It could have been found that, by reason of the washing and without sufficient time having elapsed for the floor to become dry, it was in a slippery and dangerous condition to walk upon, and that in the exercise of reasonable care for the safety of those who were rightfully on its premises the defendant should have given them some warning to prevent injury. *Hendricken* v. *Meadows, supra*. *Blease* v. *Webber, supra*. *Kingston* v. *Boston Elevated Railway*, 207 Mass. 457. *Foley* v. *J. R. Whipple Co.* 214 Mass. 499. *Letchworth* v. *Boston & Maine Railroad*, 220 Mass. 560.

The many cases cited by the defendant which hold that a finding of negligence is not warranted where there is no evidence that the defect complained of existed for such a period of time that the defendant ought to have known of and remedied it, have no pertinency to the facts which could have been found in the present case. See *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52;

*Thomas* v. *Boston Elevated Railway,* 193 Mass. 438; *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227; *Hotenbrink* v. *Boston Elevated Railway,* 211 Mass. 77; *Norton* v. *Hudner,* 213 Mass. 257; *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92; *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19; *Downing* v. *Jordan Marsh Co.* 234 Mass. 159.

As the case was rightly submitted to the jury, the entry must be

*Exceptions overruled.*