THEODORE RICE *vs.* KATIE ROSENBERG.

Suffolk. January 7, 1929. — March 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Of one owning or controlling real estate, Invited person, Trespasser, Licensee. *Evidence*, Relevancy and materiality.

At the trial of an action of tort for personal injuries received when the plaintiff fell through an opening in the second floor landing of a stairway, constructed as a fire escape, attached to the rear of a building owned by the defendant and occupied by tenants in apartments therein and to the rear of an adjoining building owned by a third person, on the third floor of which the plaintiff was a tenant, there

was evidence that, to go from an area in the rear of the buildings to premises above the first floor of either of them, it was necessary to pass over the portion of the stairway attached to the defendant's building, and, in answer to interrogatories, the defendant stated in substance that the means of egress from, or access to, the rear of both buildings was the fire escape, which was for the use of the tenants of both buildings. There was further evidence that the plaintiff fell through an unguarded hole left by workmen employed by the defendant in repairing the stairway, and that he was not warned of its existence. *Held*, that

(1) It was proper to refuse a ruling that the plaintiff, when on the stairway at the rear of the defendant's building, was a trespasser or a mere licensee;

(2) A finding was warranted that the plaintiff was rightfully using the stairway on the implied invitation of the defendant;

(3) If the plaintiff was found to have been using the stairway on the implied invitation of the defendant, the defendant was required to use reasonable care to keep it in safe condition for such use;

(4) Findings were warranted that the defendant was negligent and that the plaintiff was not negligent;

(5) The defendant having contended that the stairway was only a fire escape and could not rightly be used by the tenants for any other purpose, evidence as to uses of the stairway which had been made by the tenants with the knowledge and consent of the defendant was admissible;

(6) An application, filed with the municipal authorities by the defendant's predecessor in title, to show his intention "to remove the then existing wooden fire escape and erect an iron fire escape in the rear of said premises," properly was excluded as irrelevant and immaterial;

(7) It was proper to refuse to order a verdict for the defendant.

TORT for personal injuries. Writ dated July 10, 1925.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $10,000. The defendant alleged exceptions.

*E. J. Sullivan*, for the defendant.

*S. Markell*, for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while on the defendant's premises, situated at No. 324 Blue Hill Avenue in Boston. The plaintiff occupied an apartment at No. 322 on the third floor of an adjoining building owned by one Mathuson. A metal stairway, similar in appearance to a fire escape, was attached in part to the two buildings, starting from a passage-

way in the rear and ascending across the rear wall by a series of flights of steps and landings to the roof. The defendant's building consisted of several apartments occupied by tenants. From the rear to go to any part of these buildings, except by a separate stairway to the first floor only, it was necessary to pass over the portion of the stairway attached to the defendant's building. This stairway is about two feet three inches wide. The platforms are of the same width; they are made up of separate sections of material placed on cross beams and are removable.

The plaintiff offered evidence tending to show that on July 6, 1925, at about 4:30 P.M., while ascending the stairway to reach his apartment, he fell through an opening in the second floor landing of the defendant's premises, and was severely injured. At the time of the accident the defendant was engaged in painting and repairing the part of the stairway attached to her premises, and the opening through which the plaintiff fell resulted from the removal by the painters of a section of the landing. There was evidence that no notice or warning that repairs were to be made was given orally, or by posting signs or otherwise; and the plaintiff testified that before the accident he had no knowledge that there was an opening in the second floor landing, and that no barriers or safeguards were placed about the opening. He further testified that he had lived in the same premises for about twelve years, using this rear stairway for nearly eight years for taking down garbage, bringing up coal from the cellar, and for taking down anything that was to be carried to the rear of the premises; that the stairway was used by the tenants of both buildings and was the only one at the rear.

Several persons who had been tenants of the defendant testified that when they hired their premises the defendant told them they could use the stairway. In answer to interrogatories propounded by the plaintiff to the defendant, she stated that she was the owner of the premises at No. 324 Blue Hill Avenue on the date of the accident; that the means of egress from, or access to, the rear of the premises provided for tenants was the fire escape in the rear, and it was for the use of all the tenants; and that the same means of egress from

and access to the rear of her premises was provided for the tenants of the premises numbered 322 Blue Hill Avenue.

Upon the foregoing evidence it could not properly have been ruled that the plaintiff was a trespasser in his use of the stairway when he was injured; nor could it have been rightly ruled that he was a bare licensee. Although he was not a tenant of the defendant and had not been expressly invited by her to use the stairway in passing to and from his premises, it could have been found that there was an implied invitation extended to him by her permitting such use. It is the contention of the defendant that the stairway was intended for the use of the plaintiff and other tenants of the building as a fire escape, and could be used only in case of fire. If the evidence showed that it was limited to such use, no duty was imposed upon the defendant to keep it in repair except in case of fire, and the judge so instructed the jury. *Landers* v. *Brooks*, 258 Mass. 1. The evidence warranted a finding that the defendant and the owner of the building occupied by the plaintiff intended that the tenants of both buildings should use the stairway in passing to and from their respective apartments, not merely as a fire escape but for other purposes in connection with their occupancy. If the jury so found, and also found that the defendant negligently permitted a portion of the platform to be removed leaving an open space unguarded, through which the plaintiff in the exercise of due care fell, the defendant would be liable. The trial judge in substance so instructed the jury. The exception to this instruction must be overruled.

If the jury found that the rear stairway had been constructed and was maintained by both owners for the purpose of affording a rear ingress and egress to both buildings, then they could find that the plaintiff was rightfully using it on the implied invitation of the defendant. The instruction in substance to that effect was not erroneous, and the defendant's exception to it is overruled. The question whether the plaintiff was using the stairway by an implied invitation of the defendant was submitted to the jury upon full and adequate instructions. They were told that, unless they found such invitation, their finding should be for the de-

fendant. The evidence showed that the stairway was so constructed and maintained that tenants of the two upper floors in both buildings, in order to ascend to their apartments from the areaway in the rear of the buildings and to descend to the areaway, were obliged to pass over portions of the stairway attached to the rear wall of the buildings, and that the plaintiff to reach his apartment from the rear would have to pass over the part of the defendant's premises where the accident occurred. As the jury were warranted in finding that the plaintiff at the time he was injured was using the stairway upon an implied invitation of the defendant, she was required to use reasonable care to keep it in safe condition for such use. It was a question of fact for the jury whether the defendant's duty did not require her to protect the plaintiff either by a barrier at the opening or by warning him in some other way of its existence. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368. *Hendricken* v. *Meadows,* 154 Mass. 599. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18. *Blood* v. *Ansley,* 231 Mass. 438. *McGinley* v. *Edison Electric Illuminating Co. of Boston,* 248 Mass. 583.

The question of the due care of the plaintiff was also for the jury. They were not bound to believe the testimony offered by the defendant to the effect that the plaintiff was warned by the painters not to pass over the opening; nor was the plaintiff careless as matter of law if he did not observe it. *Blood* v. *Ansley, supra. Blease* v. *Webber,* 232 Mass. 165. *Judson* v. *American Railway Express Co.* 242 Mass. 269.

The defendant's seventh request could not properly have been given. The eleventh request in effect was a request for a ruling that the plaintiff was merely a licensee and for that reason could not recover. In view of what has been previously said, this request was rightly refused. The exception to the admission of evidence as to uses of the stairway which had been made by the tenants with the knowledge and consent of the defendant cannot be sustained; this evidence was admissible in view of the defendant's contention that the stairway was only a fire escape and could not rightly be used by the tenants for any other purpose. The defendant excepted to the exclusion of exhibits 10 and 11, which were

applications for permits to repair fire escapes on the two
buildings. These applications, filed with the building de-
partment of the city of Boston in 1907 by a predecessor in
title of the defendant to the buildings in question, were
offered, as expressed by the defendant's counsel, "As the
statement of an owner of the two pieces of property in ques-
tion . . . showing the intention on the part of the owner at
that time . . . to remove the then existing wooden fire
escape and erect an iron fire escape in the rear of said prem-
ises." The applications were rightly excluded as it does not
appear that they were material or relevant upon any issue
involved at the trial. Other objections to their admission
need not be considered.

Upon the entire evidence the defendant's motion for a
directed verdict was rightly refused. The jury were war-
ranted in finding that the plaintiff when injured was using
the stairway upon the implied invitation of the defendant,
that while so using it he was injured by reason of its defective
condition due to the negligence of the defendant, and that
he was in the exercise of due care. The instructions of the
presiding judge upon the issues involved were full and
accurate. No error of law appears in the conduct of the
trial.

*Exceptions overruled.*