H. HARDING HALE *vs.* CHARLES B. McLAUGHLIN.

Middlesex.    January 12, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Of proprietor of theatre, Contributory.

It is the duty of the proprietor of a moving picture theatre to furnish seats for persons permitted to occupy them which are reasonably safe, and a patron of such a theatre who, by reason of an unsafe and dangerous condition of a seat, suffered personal injuries, may maintain an action of tort against the proprietor.

A seat in a moving picture theatre was of a type that could be lifted up when not occupied. When so lifted up, the distance of the lower

part from the floor was from seven and three quarters to nine inches. When the seat was in a horizontal position, it was fourteen inches from the floor. The distance from the back of such seat to the front edge of a seat behind it was from twelve to thirteen inches. There was nothing on the back of the seats to keep a patron's feet from extending under the seat in front of him. A patron sitting in one of the seats placed his feet under the seat in front of him and, when the seat in front was raised, a foot was caught and he was injured. In an action by him against the proprietor of the theatre, a verdict was ordered for the defendant. *Held,* that

(1) Although there was no evidence to show by whom the seat in front of the plaintiff was raised, it was a reasonable inference that it was raised by an usher or other employee or by some patron in passing the seat;

(2) It could have been found by the jury that the seats as constructed constituted a hidden danger which the defendant should have foreseen and guarded against;

(3) The questions, whether the plaintiff was in the exercise of due care and whether his injury was due to negligence of the defendant, should have been submitted to the jury.

TORT for personal injuries. Writ dated October 15, 1925.

In the Superior Court, the action was tried before *Mc-Laughlin,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant, and reported the action for determination by this court.

*F. G. Bauer,* for the plaintiff.

*J. C. Begley,* (*W. Rosnosky* with him,) for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while a spectator in a moving picture theatre owned and operated by the defendant. The injury consisted of a fracture of a small piece of one of the bones of his leg. It was conceded at the trial that the theatre was operated for profit as a place of amusement to which the public were attracted by billboards; that the entertainment was a continuous performance of moving pictures from about 1:30 P.M. until about 10:30 P.M. and that during all this time the theatre was dimly lighted; that the same seats had been in the theatre since 1916 and were placed upon a sloping floor.

The uncontradicted evidence of the plaintiff was as follows: Being attracted by an advertisement outside the theatre he purchased a ticket and entered during the performance; he walked down the aisle and sat in a seat

under the front edge of the balcony about in the central part of the auditorium. He suddenly felt a blow on the top of his left leg near the ankle and felt that the seat in front of him was shut up or had been lifted up by some one. He could not release his foot until he had lowered the seat in front of him into the position in which a person would sit in it, which raised the bottom of the seat from its contact with his foot or leg. As he remembered he was shown to his seat by an usher, and there was no bar or anything on the back of the seats to keep a person's feet from extending under the seat in front of him.

The plaintiff testified that later he returned to the theatre and made certain measurements in the vicinity of where he was sitting when injured; that when the seat was in a vertical position the distance from the bottom of the seat to the floor varied from seven and three fourths to nine inches; that when the seat was in a horizontal position the distance was fourteen inches. The distance from the front edge of a seat in a horizontal position to the back of the seat in front varied from twelve to thirteen inches, the width of the seat from one side to the other being seventeen inches. The plaintiff testified that he had previously occupied a similar seat in the theatre on three or four occasions without injury. The jury viewed the premises, and specimen seats from the theatre were exhibited at the trial.

In view of the limited space from where the plaintiff was seated to the back of the seat in front he could not properly be found to have been negligent if his feet extended for a reasonable distance under that seat. As he was rightfully in the defendant's theatre by his invitation, the defendant owed him the duty to maintain the premises in a reasonably safe condition for his use in accordance with the invitation. It could not rightly 'have been ruled as matter of law that the plaintiff was negligent in placing his feet under the seat in front of him. *Judson* v. *American Railway Express Co.* 242 Mass. 269.

*Blanchette* v. *Union Street Railway,* 248 Mass. 407. *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544.

Although there was no evidence to show by whom the seat in front of the plaintiff was raised causing his foot to be injured, it is a reasonable inference that it was raised by an usher or other employee or by some patron in passing the seat. The facts in *Tracy* v. *Boston Elevated Railway,* 217 Mass. 569, are not pertinent to the facts in the case at bar. It was the duty of the defendant to furnish seats for persons permitted to occupy them which were reasonably safe, and his failure to do so would constitute actionable negligence if, by reason of their unsafe or dangerous condition, patrons were injured. It could not reasonably be expected by the defendant that persons rightfully occupying seats, with the limited space allotted to them, would during a performance maintain a position without extending their feet beyond the back of the seat in front of them in the absence of a bar or other obstruction. It could have been found by the jury that the seats as constructed constituted a hidden danger which the defendant should have foreseen and guarded against. *Thompson* v. *Lowell, Lawrence & Haverhill Street Railway,* 170 Mass. 577. *Judson* v. *American Railway Express Co., supra. Blanchette* v. *Union Street Railway, supra. Howlett* v. *Dorchester Trust Co., supra. Branch* v. *Klatt,* 165 Mich. 666. *Frear* v. *Manchester Traction, Light & Power Co.* 83 N. H. 64, 70. *Barrett* v. *Lake Ontario Beach Improvement Co.* 174 N. Y. 310.

The questions, whether the plaintiff was in the exercise of due care and whether his injury was due to the negligence of the defendant, should have been submitted to the jury. In accordance with the terms of the report judgment is to be entered for the plaintiff for $500 and costs.

*So ordered.*