BERTHA M. TOVEY *vs.* G. E. LOTHROP THEATRES CO.

HARRY J. TOVEY *vs.* SAME.

Suffolk.     October 5, 1933. — November 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of proprietor of theatre, Contributory.

At the trial of an action for personal injuries sustained by a woman when she tripped and fell as she, at the direction of an usher, was proceeding down an inclined aisle covered with a carpet to a seat in a theatre operated by the defendant, there was evidence that the theatre was dimly lighted and the aisle was dark; that the usher had a flashlight but did not use it; that the cause of the fall was the condition of the carpet where the plaintiff tripped, described as threadbare, ragged and torn, partly "lapped" or "rolled" over or "curled up"; and that the carpet, which was nailed down when it was laid, had been in use about three years. *Held,* that

(1) The defendant was under obligation to the plaintiff as an invitee to use ordinary care to keep his theatre in a reasonably safe condition taking into account the construction of the building, the character of the entertainment there provided and the customary conduct of invitees using the premises;

(2) A finding was warranted that the condition of the carpet was not transitory nor of recent origin;

(3) A finding of negligence on the part of the defendant was warranted;

(4) A ruling was not required as matter of law that the plaintiff was guilty of contributory negligence.

Two ACTIONS OF TORT. Writs dated June 6, 1929.

In the Superior Court, the actions were tried together before *Sisk*, J. Material evidence is described in the opinion. There were verdicts for the plaintiffs, respectively, in the sums of $700 and $50. The defendant alleged exceptions.

*E. A. Whitman,* for the defendant.

*W. J. O'Neill & P. J. Feinberg,* for the plaintiffs, submitted a brief.

DONAHUE, J. The plaintiff in the first case, hereinafter called the plaintiff, fell and was injured in a moving picture theatre operated by the defendant. There was testimony from witnesses called by the defendant which, if believed, would require the finding that it was not liable. Evidently the jury did not believe that testimony, since their verdict was for the plaintiff. There was evidence which warranted the finding of the facts here recited.

The plaintiff paid for admission to the theatre, went up to the balcony and waited for about a minute at the head of an aisle, consisting in part of steps, for an usher to show her to a seat. An usher at the foot of the aisle finally directed her to proceed. The theatre was dimly lighted and the aisle where the plaintiff stood was dark. The usher had a flashlight with him but, so far as appears, did not use it until after the plaintiff was injured. As she started to go down the aisle in response to the usher's direction, her foot caught and she tripped and fell. The cause of her fall was the condition of the tapestry carpet at the head of the aisle. It was threadbare, ragged, worn and torn, and for the width of fifteen or eighteen inches was "lapped" or "rolled" over or "curled up" so that it projected one and a half or two inches above the level of the floor. The carpet had been in use at that place for about three years, and in that period an average of two hundred people went over the aisle daily. When laid the carpet was nailed on both sides of the aisle and under the risers of the steps.

The plaintiff was an invitee and the defendant was under the legal obligation to one having that status to use ordinary care to keep its theatre in a reasonably safe

condition, taking into account the construction of the building, the character of the entertainment there provided and the customary conduct of invitees using the premises. *Currier* v. *Boston Music Hall Association,* 135 Mass. 414. *Schofield* v. *Wood,* 170 Mass. 415. *Hale* v. *McLaughlin,* 274 Mass. 308. *Rosston* v. *Sullivan,* 278 Mass. 31, 34–35. From the length of time the carpet had been on the floor, the extent of its use, its worn and torn state, and the elevation at the time the plaintiff fell of a considerable portion above the floor level as described by witnesses, whereas it originally was nailed down, the finding was justified that the condition was not transitory or of recent origin. The further conclusion was warranted that a diligent proprietor would have known of its existence and would have foreseen that such a condition at the head of a sloping aisle in a darkened theatre would be likely to result in injury to an invitee who under the direction of an employee was proceeding to make the descent. We do not think that it can be held as matter of law that there was no evidence of negligence on the part of the defendant. *Toland* v. *Paine Furniture Co.* 179 Mass. 501. *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550. *Wheeler* v. *Sawyer,* 219 Mass. 103. *Blease* v. *Webber,* 232 Mass. 165. The facts in this case distinguish it from *Rosston* v. *Sullivan,* 278 Mass. 31, where there was no defect and the only conduct of the defendant which it was contended was negligent was the failure to provide sufficient light to enable the plaintiff to make her way out of the theatre after a performance, and also from cases where the evidence descriptive of the condition complained of was not such as to warrant the inference that the defendant should have known of its existence. *Toland* v. *Paine Furniture Co.* 175 Mass. 476. *Downing* v. *Jordan Marsh Co.* 234 Mass. 159. *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92.

It could not have been ruled as matter of law that the defendant had sustained the burden of proving that the plaintiff's negligence contributed to cause her injury. She had the right to rely to some extent on the belief that the defendant would not maintain a dangerous condition at

the head of the aisle under the circumstances appearing and on the belief that the defendant's employee would not direct her to walk over a dangerous place on the floor without giving her warning of its existence. The matter of the care exercised by the plaintiff was, on the evidence, for the jury.

The second action was brought by the husband of the plaintiff in the first action for the recovery of consequential damages. There was no error in the refusal to grant the defendant's motion for a directed verdict in each case.

*Exceptions overruled.*