ELIZABETH T. O'NEIL *vs.* W. T. GRANT COMPANY.

Suffolk.    November 8, 1956. — January 7, 1957.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Contributory, Store.    *Evidence,* Evidence binding a party.

In an action by a customer to recover for personal injuries sustained when she slipped and fell on a landing outside the ladies' room of the defendant's store as she was leaving that room, testimony by the plaintiff that when she went there shortly before her fall she noticed that the landing was very dirty and muddy and that water was overflowing from a small pail there filled with cigarette butts so that the landing was wet, with cigarette butts and tissue paper all over it, and that when she came out of the ladies' room the condition of the landing was the same, was binding on her in the absence of evidence more favorable to her and required a finding of contributory negligence on her part as matter of law.

TORT.    Writ in the Superior Court dated May 22, 1953.

The action was tried before *O'Connell,* J.

*Thomas D. Burns,* (*Lee M. Friedman* with him,) for the defendant.

*Maurice H. Kramer,* for the plaintiff.

COUNIHAN, J.    This is an action of tort in which the plaintiff seeks to recover damages for personal injury sustained in a fall on the defendant's premises on January 10, 1953.    There was a verdict for the plaintiff.    The action comes here upon exceptions of the defendant to the denial of its motion for a directed verdict, to the exclusion of questions put to the plaintiff on cross-examination, and to comments of the judge.    There was error.

There was evidence that the defendant operated a department store on Washington Street, Boston. On the day of the accident the plaintiff was a customer in that store. After having had lunch in a restaurant in the store she desired to go to the ladies' room. To reach this room she had to walk up three or four steps from the main floor of the store to a landing. When she got to this landing she noticed that it was very dirty and muddy. There was a small pail on the landing which was filled with cigarette butts. Water was overflowing from the pail so that the floor of the landing was wet, with cigarette butts and tissue paper all over it. She walked across the landing and went into the ladies' room. When she came out about ten minutes later the condition of the floor of the landing was the same as it was when she earlier crossed it. In crossing this floor again to reach the steps she slipped and fell, sustaining injury.

The plaintiff was undoubtedly a business invitee but assuming, without deciding, that the dangerous condition of the landing had existed long enough so that the defendant was negligent in permitting it to continue (compare *Uchman* v. *Polish National Home, Inc.* 330 Mass. 563; *Kelleher* v. *Dini's, Inc.* 331 Mass. 217), "The real trouble with the plaintiff's case is that if there was any evidence warranting a finding that the defendant was negligent . . . , evidence binding upon the plaintiff tends equally to show that the plaintiff was negligent . . . ." *Campbell* v. *Hagen-Burger*, 327 Mass. 159, 162, and cases cited. "To hold on this evidence that a finding was warranted that the plaintiff was in the exercise of due care would render the doctrine of contributory negligence virtually meaningless." *Gambardello* v. *H. J. Seiler Co., ante*, 49, 52.

In the case at bar there was no other evidence more favorable to the plaintiff than her own testimony so she is bound by it. *Muir Brothers Co.* v. *Sawyer Construction Co.* 328 Mass. 413, 415. It is indisputable that on her own testimony she observed the condition of the floor and its attendant dangers were obvious to her.

The cases relied upon by the plaintiff all involved danger-

ous conditions which were hidden by circumstances within the control of the defendant. *Wheeler* v. *Sawyer*, 219 Mass. 103 (plaintiff caught toe on brass edge of stairs which had become loose). *Regan* v. *Boston & Maine Railroad*, 224 Mass. 418 (plaintiff tripped over a portable step negligently left in middle of a dimly lighted and crowded station platform). *Hale* v. *McLaughlin*, 274 Mass. 308 (unsafe seat in dark theatre). *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346 (worn carpet in aisle of dark theatre). *Hastings* v. *Boston & Maine Railroad*, 332 Mass. 42 (grease on stairs which was covered by dust and loose papers).

Because we are of opinion that the motion of the defendant for a directed verdict should have been allowed, we do not consider other exceptions of the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*