LEWIS MURR *vs.* BOSTON AND MAINE RAILROAD.

Essex.    November 4, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Railroad. Carrier. Negligence.*

It here was conceded that one who goes to a railroad station for the purpose of purchasing railroad tickets to use the next day must be regarded as present in the station by the invitation of the corporation operating the railroad and maintaining the station.

In an action against a railroad corporation for personal injuries, caused by the plaintiff falling by reason of a defective wooden step at the end of a plank walk, leading from a station of the defendant through an opening in a fence to a street in a town, it appeared that in the evening after dark the plaintiff had been to the station to purchase railroad tickets to use the next day, and therefore was at the station by the defendant's invitation, that he had entered

the station from a street on the side of the station opposite to that from which he left it, and on leaving the station passed along a planked crossing over the two main tracks of the defendant, and then went through a doorway of a waiting shed, down a flight of steps, across a freight track and along a path consisting in part of planking and in part of cinders and gravel to a wooden step at an opening in a fence of the defendant on a street, with posts so placed that persons could pass between them, and that the plaintiff fell on the step and was injured. There was evidence tending to show that the step was defective and that it was lighted insufficiently. There also was evidence tending to show that the path by which the plaintiff left the station had been used for many years, without any objection on the part of the defendant, by persons having occasion to go to or from the defendant's premises on business with it, and that it was the only means of egress and ingress to and from the street into which the opening in the fence led. There was evidence that the plaintiff was walking slowly and carefully. It appeared that the plaintiff never had used the path before, and that he did not know the name of the street into which it led, but that he frequently had seen people travelling along that street and knew its general direction. *Held,* that the jury were warranted in finding that the plaintiff was using the way by implied invitation of the defendant. *Held, also,* that the question whether at the time of the accident the plaintiff was in the exercise of due care was for the jury.

TORT for personal injuries alleged to have been received by the plaintiff on the night of July 6, 1907, upon the premises of the defendant in Swampscott adjoining its railroad station there. Writ dated September 12, 1907.

In the Superior Court the case was tried before *Lawton,* J. The findings of fact which were warranted by the evidence are stated in the opinion. The following facts appeared in evidence:

At the Swampscott station the defendant's tracks, which are double, run practically north and south. On the east side of the tracks is located the main station building containing the ticket office. On the west side of the tracks is a long, covered waiting shed containing a baggage compartment and settees. From the east to the west side of the tracks at a convenient place is a plank walk through which the rails run. Access to the station from the east side of the tracks is from Railroad Avenue, so called, and this side of the defendant's premises is entirely unfenced. Access from the west side of the tracks is from Columbia Street, and upon this side the premises of the defendant are fenced for their entire length, there being an opening for the passage of teams and also an opening, with a passage consisting of gravel and plank, for the use of pedestrians, leading directly to a flight of steps in the waiting shed mentioned above.

Shortly after eight o'clock on the evening of the accident the plaintiff entered from Railroad Avenue the premises of the defendant for the double purpose of purchasing tickets to be used by him the following day in travelling from Boston to Swampscott and of taking a train immediately for Lynn.

The train for Lynn left the station as the plaintiff entered the main passenger building, and the plaintiff, after purchasing his tickets to use the next day and learning there was no other train for an hour, started to leave the defendant's premises from the westerly side to take an electric car a short distance away, this electric car line being on the westerly side of the railroad. The plaintiff, although familiar with the station, always had entered from the easterly side, and was unacquainted with the westerly side except that he frequently had seen people coming and going on that side.

He crossed the tracks on the plank walk provided for the purpose, passed through the doorway in the waiting shed and down the flight of steps mentioned above. Having reached the foot of the steps, he proceeded along the path toward Columbia Street, the name of which he then did not know but where he frequently had seen people travelling, and with the general direction of which he was perfectly familiar. At the end of the pathway and about three feet inside the defendant's fence the path was planked for several feet, and at the westerly end of the plank walk was a wooden step down.

It appeared by the evidence that the plaintiff never had been at this spot before; that the step was worn and split and had been so moved under the plank walk that at the time of the accident it appeared triangular in shape, being one foot wide at one end and running off to nothing at the other end; and that the ground in front of the step had been worn by use and was hollowed away, being deeper in some places than in others. An electric arc light was so situated in the street that shadows from intervening posts were cast directly over the step, the end of the plank walk and the hollow worn in the earth, throwing the whole into obscurity. The plaintiff when he reached the step slipped upon it and fell, thereby receiving severe injuries.

" It was agreed by the parties before the case was submitted

to the jury that, upon the pleadings and facts, the plaintiff should not be considered as a passenger."

The defendant offered evidence only upon the question of damages, and at the close of the testimony asked the judge upon all the evidence to order a verdict for the defendant. The defendant further asked the judge to give the following instructions:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence and under the pleadings the plaintiff was not an invitee at the time of the alleged injury.

"3. Upon all the evidence the plaintiff had no greater rights at the time of the alleged injury than that of a licensee.

"4. Upon all the evidence the condition of the step was not the proximate cause of the injury.

"5. Upon all the evidence the plaintiff was not in the exercise of due care at the time of the accident and just before the same occurred."

The judge refused to order a verdict for the defendant or to give any of the foregoing instructions requested. He submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,779. The defendant alleged exceptions.

*D. E. Hall,* (*C. M. Davenport* with him,) for the defendant.

*H. R. Mayo,* for the plaintiff.

MORTON, J. The plaintiff went to the Swampscott station of the defendant to purchase two tickets for use the next day in travelling from Boston to Swampscott, and also for the purpose of immediately taking a train for Lynn. The train for Lynn left before the plaintiff was able to board it, and after purchasing the tickets for the next day and finding that there was no train for an hour, he concluded to go to Lynn by the electric cars and started to leave the station for that purpose. While so doing he fell, as is alleged, in consequence of a defective and insufficiently lighted step, and received the injuries complained of.

The questions are whether in leaving the premises by the path which he used the plaintiff could be found to have been invited to do so by the defendant, whether the plaintiff was in the exercise of due care, and whether there was evidence of

negligence on the part of the defendant which was the proximate cause of the injury.

1. The defendant concedes that, in going to the station to procure tickets for use the next day, the plaintiff must be regarded as being there upon the implied invitation of the defendant. But it contends that there was no implied invitation to him to leave the premises by the path which he used, and therefore that he was when injured a mere licensee or a trespasser.

The plaintiff being upon the defendant's premises by its implied invitation, it was the defendant's duty to furnish him with a reasonably safe mode of exit. In the absence of any notice or warning to the contrary, he was not bound to leave the premises by the same way that he came, if there was another way provided by the defendant. The plaintiff could select such of the modes of entrance and exit provided by the defendant as seemed to him most convenient, always supposing that in so doing he was in the exercise of due care. The question then is whether the way which the plaintiff was using was a way provided by the defendant company for use in entering or leaving the station by those doing business with it. If it was, then the jury were warranted in finding that the plaintiff was using it by the defendant's implied invitation. If it was not, then he was at the highest only a licensee. It seems to us that, taking the whole arrangement of the premises into account, the evidence was ample to warrant a finding that the path which the plaintiff was using at the time when he was injured was intended by the defendant to furnish a convenient means of access to and departure from its premises by way of Columbia Street to those having occasion to be upon its premises in the course of business with it. There was an opening in the fence on Columbia Street, with posts so placed that persons could pass between them. Just inside this opening and opposite to it was the step where the plaintiff fell. From the step a path, consisting in part of planking and in part of cinders and gravel, led up across a freight track to a flight of steps which in turn led up to a door in the back of a covered platform on the west side of the tracks; and from that platform there was a planked crossing over both tracks to the main platform of the station. There was also evidence tending to show that the way had

been used many years without any objection on the part of the defendant by persons having occasion to go to or from the defendant's premises on business with it, and that it was the only method of ingress and egress to and from Columbia Street. It is plain, we think, that the jury were warranted in finding that the plaintiff was using the way by the implied invitation of the defendant.

2. The question of the plaintiff's due care was also, we think, plainly for the jury. He testified that he was walking slowly and carefully, and this was corroborated by one of the witnesses called in his behalf. It could not be ruled as matter of law that he was negligent in using a way which he never had used before and with which, for that reason, he was not familiar. If that were so, it would follow that in all cases where a party was using for the first time on business a mode of entrance or exit to or from a railroad passenger station provided by the corporation, and was injured by a defect therein, he would be precluded from recovery because he never had been there before. The plaintiff's unfamiliarity with the route which he took, and the darkness and the manner in which and the extent to which the way was lighted, were matters to be considered by the jury in connection with all of the other circumstances in the case on the question of his due care, but did not operate of themselves to bar a recovery. See *Humphreys* v. *Portsmouth Trust & Guarantee Co.* 184 Mass. 422; *Wills* v. *Taylor*, 193 Mass. 113. Although he never had used this particular way before and did not even know the name of Columbia Street, he was familiar with the general lay of the land and could safely trust something to the assumption that a way provided by the defendant would be kept by it in a reasonably safe condition. It is conceded that the plaintiff was not a passenger, but there is nothing to show that the way was intended solely for the use of passengers entering or leaving the station.

3. The defendant further contends that there was no evidence of negligence on its part, and that, if there was, such negligence was not the proximate cause of the plaintiff's injury. This question too, we think, was plainly for the jury. The condition of the step was fully described to the jury by the witnesses, and it was for the jury to say what the facts

were, and then to decide whether the condition in which the step was constituted a defect and whether, if it did, it could and should have been remedied by the defendant in the exercise of reasonable care and diligence. It was also for the jury to say whether the plaintiff's injury was due to the defect, if there was one, or to his own heedlessness and want of due care. In regard to the matter of lighting the instructions were, to say the least, sufficiently favorable to the defendant.

The case was submitted to the jury under instructions which fully and clearly covered all points at issue, and with which, we think, the defendant has no just ground of complaint. We see no error in the manner in which the trial was conducted.

*Exceptions overruled.*