EDWARD A. MCGRATH *vs.* AMERICAN EXPRESS COMPANY.

Essex.    November 5, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Of express company in failing to remove freight from passenger platform of railroad station.

The fact, that a passenger alighting from a railroad train late in an afternoon of December did not look to see whether there was any obstruction on the platform of the station but looked straight ahead in the direction in which he and other passengers were going, and stumbled over a pile of galvanized iron pipes that had been left on the floor of the station, does not show necessarily that he was negligent, and, in an action against an express company that left the pile of pipes unremoved and unguarded, to recover for his injuries thus sustained, the question of his due care is for the jury.

If an express company is permitted to unload from a train a shipment of galvanized iron pipes upon the platform of a passenger station, it is its duty to remove them within a reasonable time so that they may not be in the way of passengers passing over the platform, and, in determining whether the placing of such an obstruction in the path of travellers is evidence of negligence toward one of them injured thereby, it is necessary to consider, not only the length of time that such obstruction existed, but also the character of the obstruction, the amount of travel, the condition of the place as to light and other attendant circumstances.

In an action against an express company for personal injuries sustained by falling over a pile of galvanized iron pipes that the defendant had been permitted to unload from a train upon the platform of a passenger station of a railroad corporation, where the defendant contends that there is no evidence to show that the pipes were in the possession and control of the defendant at the time of the accident, if there is evidence that immediately after the accident the pipes,

by order of the station agent, were placed on a truck of the defendant by men in the defendant's employ and that afterwards the pipes were seen on a wagon of the defendant outside the station, this is sufficient to warrant a finding that the pipes were in the possession and control of the defendant when the accident occurred.

TORT against the American Express Company, a corporation, for personal injuries sustained by the plaintiff late in the afternoon of December 19, 1910, by reason of stumbling and falling over a pile of galvanized iron pipes or gutters on the platform of the passenger station of the Boston and Maine Railroad at Salem alleged to have been left there negligently by the defendant's agents and servants for an unreasonable length of time and unguarded. Writ dated March 17, 1911.

In the Superior Court the case was tried before *Hardy*, J. At the close of the plaintiff's evidence, which is described in the opinion, the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover and to order a verdict for the defendant. The judge refused to do this, and submitted the case to the jury, who returned a verdict for the plaintiff. The defendant alleged exceptions.

*A. M. Pinkham*, for the defendant.

*W. H. McSweeney, M. J. McSweeney & F. H. Caskin, Jr.*, for the plaintiff, were not called upon.

CROSBY, J. The plaintiff alighted from a train of the Boston and Maine Railroad at its station in Salem, and while passing out of the station stumbled and fell over a pile of galvanized iron pipes or gutters, which were lying upon the station platform, and received the injuries for which he brings this action.

He testified that he rode in the smoking car of the train and reached Salem at ten minutes after five o'clock in the afternoon; that he left the car by the rear steps and walked along beside the train toward the forward end of it, and fell over the pile of pipes when on his way out of the station; that these pipes were on the platform at a point opposite the centre of the smoking car, and the length of one car from the baggage car door; and that the pipes were lying parallel to the train and about three or four feet away from it.

He further testified that the pile was eight or ten feet long, about six inches high, and a foot or two feet wide; that he walked

"on the edge of the crowd of passengers nearest the train," and that "After the train pulled out, he saw, a little further along, a truck about which men were working. The men had caps on like the caps worn by American Expressmen."

The plaintiff also testified that after the train went out of the station he talked with the station agent; that he (the station agent) told the expressmen, who were employees of the defendant, to take the pipes away; and that the expressmen then loaded the pipes or gutters on to a truck. Still later the plaintiff saw the pipes or gutters on an American Express wagon outside the station.

There was other evidence substantially corroborating the testimony of the plaintiff. It could not have been ruled that the plaintiff was not in the exercise of due care. This question was for the jury. The fact that at the time the plaintiff fell he did not look to see if there was any obstruction on the platform, but was looking straight ahead in the direction he and the other passengers were going, was not necessarily an act of carelessness on his part. Upon this and all the evidence the question of his due care was for the jury. The plaintiff was not obliged as matter of law to keep his eyes fixed upon the platform while he walked out of the station. *Flynn* v. *Watertown,* 173 Mass. 108. *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199.

If it be assumed that the defendant was authorized to unload its shipments from trains either directly on to the platform, or on to trucks as should be most convenient, still such authorization would not excuse the defendant from liability if articles were negligently permitted by it to remain on the platform for an unreasonable length of time, in consequence of which a person rightfully passing over the platform, in the exercise of due care, was injured.

The defendant contends that there was no evidence to show how long this pile of pipes had remained upon the platform, and that therefore it cannot be charged with negligence. While there was no evidence to show when the pipes were placed there, yet it appears that they had been there for some time before the plaintiff fell over them, and the jury would have been warranted in finding that they were not taken off the train from which the plaintiff alighted; they were not opposite the baggage car door,

where ordinarily they would have been unloaded, but were on the platform a car length away from that door and about oppo- site the middle of the smoking car, which was the next car behind the baggage car. There was evidence to show that on the night of the accident it was dark and stormy outside, and that, while there were electric lights in the train shed of the station, there was considerable smoke and steam, and that a person could not see clearly. In determining whether placing an obstruction in the path of travellers is evidence of negligence, not only is the length of time such obstruction exists material, but also the character of the obstruction, the amount of travel, the condition of the place as to light, and the other attendant circumstances, are to be considered.

While an obstruction at a place infrequently used by the public might cause little or no harm to travellers, yet, if it were placed where large numbers of persons were constantly passing, especi- ally when it could not be seen readily, it might be a serious menace to those having occasion to pass over the place where it was. *Morris* v. *Whipple*, 183 Mass. 27. *Gargan* v. *West End Street Railway*, 176 Mass. 106. We are of opinion that the jury were warranted in finding that the obstruction had been allowed to remain upon the platform a sufficient length of time to charge the defendant with negligence.

The defendant also contends that there is no evidence to show that the pipes were in the possession and control of the defendant; but this contention cannot be maintained. There was evidence to show that after the accident, in accordance with the orders of the station agent the pipes were placed upon an American Express truck, with other merchandise, by employees of the defendant, and that afterwards the pipes were seen "on an American Express wagon outside the station." This evidence was sufficient to warrant a finding that the pipes were in the possession and control of the defendant. There is nothing in *Kearines* v. *Cullen*, 183 Mass. 298, and the other cases relied on by the defendant, inconsistent with the conclusion which we have reached. *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196. *Morris* v. *Whipple*, 183 Mass. 27. *Toland* v. *Paine Furniture Co.* 179 Mass. 501.

*Exceptions overruled.*