PENNSYLVANIA R. CO. v. LACKNER.

(Circuit Court of Appeals, Third Circuit. December 20, 1917.)

No. 2302.

1. RAILROADS ⬅️274(2)—INJURIES TO PERSONS ON TRACKS—LICENSEES.

At a point directly opposite a railroad station, and about 200 feet south of a street crossing, there was an open space of at least 30 feet used for all purposes by arriving and departing trains, and on this space bundles of newspapers were thrown from the early train which brought them from a nearby city, and the dealers to whom they were directed were accustomed to go upon the ground and pick out their own bundles. The custom had continued for several years, and was well known to the railroads using the station. A news-dealer in a town a few miles away went to get his papers and took the deceased with him to help. When they reached the station, the train that brought the papers had gone, and a number of bundles were lying in the open space within a short distance of the south-bound track. No regular train was due to arrive upon this track for nearly an hour, and the dealer and deceased proceeded to inspect the bundles in order to select what was theirs. While thus engaged, an unscheduled train of defendant came along and struck them both, injuring the dealer and killing plaintiff's decedent. The railroad company owning the track and station operated no trains of its own, but allowed

defendant and another railroad company to use the property and operate their trains thereon. *Held*, that defendant railroad company, deceased, and the news-dealer were licensees of the company owning the tracks and station, and defendant was bound to exercise reasonable care for the safety of the news-dealer and deceased.

2. RAILROADS ⬅︎278(1) —CONTRIBUTORY NEGLIGENCE—STATUTE.

In such case, Act N. J. March 30, 1869 (P. L. p. 806; 3 Comp. St. 1910, p. 4245), declaring that it shall not be lawful for any person not connected with or employed by any railroad, except when the same shall be laid upon a public highway, to walk along the tracks, and if any person shall be injured by an engine or car while walking, standing, or playing on any railroad, or by jumping on or off a car while in motion, such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor in damages, has no application; deceased not being, walking or playing on the railroad tracks at the time of his death.

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Action by Ida Lackner, administratrix, against the Pennsylvania Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

John S. Applegate & Son, of Red Bank, N. J., for plaintiff in error.

McDermott & Enright, of Jersey City, N. J. (James D. Carpenter, Jr., of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The plaintiff is the widow and administratrix of John Lackner, who was killed by one of defendant's trains at Matawan, N. J., about 5 o'clock in the morning of September 7, 1915.

The train, which was composed of an engine and five empty coaches, was not on the regular schedule, and was running south from New York at 25 or 30 miles an hour. The point where Lackner was struck is directly opposite the station, about 200 feet south of Main street crossing. The station building is west of the south-bound track, and between the building and the westerly rail is an open space of at least 30 feet, used for all purposes by arriving and departing trains. Upon this space, bundles of newspapers were thrown from the early train that brought them from New York, and the dealers to whom the papers were directed were accustomed to go upon the ground and pick out their own bundles. This custom had been continued for several years, was well known to the railroads using the station, and was permitted without objection. On September 7 David Solomon, a news-dealer in a town a few miles away, went to Matawan to get his papers, and took Lackner with him to help. When they reached the station, the train that brought the newspapers (a train of the Central Railroad of New Jersey) had gone, and a number of bundles were lying upon the space referred to within a short distance of the south-bound track. No regular train was due to arrive on this track for nearly an hour, and Solomon and Lackner proceeded to inspect the bundles, in order to select

what was theirs. While thus engaged, the unscheduled train in question came along and struck them both, injuring Solomon and killing Lackner. The New York & Long Branch Railroad Company, which owns the tracks, stations, and other parts of the roadbed, operates no trains of its own, but allows the Pennsylvania Railroad and the Central Railroad of New Jersey to use the property and to operate their trains thereon under an agreement that does not expire until 1987. The verdict has determined that the train gave no warning of its approach, and that Lackner was not guilty of contributory negligence.

[1] The District Court submitted the case to the jury on the theory that Lackner and the Pennsylvania Railroad were both licensees of the Long Branch Company, and therefore that the railroad owed Lackner the duty of ordinary care. If this theory be wrong, the judgment must be reversed, and accordingly we have examined the subject with care, and have reached the conclusion that the New Jersey cases support the position taken by the trial judge. In Schmidt v. Penna. R. R. (C. C. A. 3) 181 Fed. 83, 104 C. C. A. 251, this court had occasion to consider and apply the doctrine that prevails in that state concerning the duty owed by a railroad to a licensee. This decision, however, does not rule the present controversy, which we think resembles closely the recent case of Coyne. v. Penna. R. R., 87 N. J. Law, 257, 93 Atl. 595, decided in 1914 by the highest court of the state. Without detailing the facts of that case, it is enough to say that the Court of Errors and Appeals evidently had before it in one form or another the contents of the agreement now in question between the Long Branch Company, the Pennsylvania Railroad, and the Central Railroad, and held the Pennsylvania Railroad to be a licensee thereunder. As the decedent, Coyne, was also held to be a licensee, the court was of opinion that the general New Jersey doctrine (referred to in Schmidt v. Railroad) did not apply, but that the railroad owed the decedent the duty of reasonable care. We think we should follow this decision, although we may not be bound to do so, and the result is to sustain the ruling below on the principal question raised by the writ of error.

[2] On the question concerning the construction of the New Jersey act of 1869 on the subject of contributory negligence (P. L. 1869, p. 806, 3 Comp. Stat. N. J. p. 4245) we refer to Furey v. Railroad, 67 N. J. Law, 278, 51 Atl. 505, in support of the position that the act does not prohibit Lackner's representative from recovering.

The judgment is affirmed.