## McGINTY v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Sixth Circuit.
July 17, 1925.)

No. 4341.

1. **Railroads ⊚⇒274(2)—Railroad held to owe coal company employee duty of exercising reasonable care to keep premises free from obstructions likely to cause injury.**

Railroad *held* to owe employee of coal company, moving loaded coal cars over tracks of railroad, from point where delivery was made to coal company, duty of exercising reasonable care to keep premises free from unusual and unnecessary obstructions and defects likely to cause him injury.

2. **Railroads ⊚⇒282(8)—Negligence as to person tripping over unattached rails held for jury.**

In action for injuries sustained by employee of coal company, tripping over unattached rails when moving loaded coal cars, whether railroad, knowing resultant menace to safety of plaintiff, left rails in their dangerous position an unnecessary and unreasonable length of time, and whether such act constituted negligence, which was direct and proximate cause of plaintiff's injuries, *held* for jury.

3. **Railroads ⊚⇒282(8) — Contributory negligence of one tripping over unattached rails held for jury.**

In action for injuries sustained by employee of coal company tripping over unattached rails, when moving loaded coal cars over tracks of defendant railroad, whether he was guilty of contributory negligence *held* for jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Patrick McGinty against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed, and new trial ordered.

Paul R. Brown, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for plaintiff in error.

Atlee Pomerene, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for defendant in error.

Before DONAHUE and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge. This was an action at law against the Pennsylvania Railroad Company to recover damages for personal injuries alleged to have been received by the plaintiff as a result of the negligence of the defendant. The trial court directed a verdict in favor of the defendant, and the plaintiff has brought the case here on writ of error. The sole question presented is whether the court erred in thus directing a verdict.

Plaintiff was employed by the American Trimming Company (hereinafter called the coal company) in moving loaded coal cars over switch tracks from the point where such cars had been delivered by the defendant to the coal company, on an elevated "hump" track, down an incline, to an unloading device, from which they were automatically unloaded by the coal company into boats at its dock. These tracks, of which there were three a few feet apart, were located on the right of way of the defendant, and were owned, controlled, repaired, and maintained by it. The only relation of the coal company to such tracks was that of a consignee there accepting delivery of loaded freight cars, moving such cars to its dock, and unloading the cars into its boats. During its handling of this carload freight in these unloading operations, the coal company and its employés, including the plaintiff, had temporary possession and control of the cars involved, but not of the tracks of the defendant, nor of the premises of the defendant adjacent thereto. Such tracks and premises remained in the custody and control of the defendant, which recognized and undertook the duty of keeping them in repair. In the course of making repairs on these switch tracks, the defendant, through its authorized servants, acting within the scope of their employment, brought and placed upon the premises just referred to, in the space between two of such tracks and about 18 inches from one of them, three 30-foot 85-pound rails, preparatory to using them in repairing the tracks at a point where the plaintiff and other employés of the coal company were daily engaged, to the knowledge of the defendant, in their work of moving, unloading, and handling the cars already mentioned. It was known to defendant that in doing this work the employés of the coal company were required to run along beside the moving freight cars and climb upon the cars while in motion.

Instead of promptly using these loose rails, the defendant, without any apparent justification or reason, left them where they had been so placed and allowed them to remain there for a period of three months prior to, and up to, the day when the plaintiff received the injuries for which he sues. On that day, while running along, near one of the tracks in question, in order to reach and handle a moving, loaded car, plaintiff tripped over one of the loose rails, lying close to such track, and as a result fell in front of

such car, and thereby sustained serious injuries. Plaintiff testified that the car had started down the incline, and that in accordance with the usual manner of handling and stopping the car it was necessary for him to hurry in order to catch it, climb up the ladder, and apply the brakes before it got beyond his reach, and that, although he knew that these loose rails had been lying near the tracks, he did not have his mind on them at this time, but was looking straight ahead, watching the car, preparatory to catching the grab handle on the side of the car. It is apparent that his attention was completely occupied by the need for quick action and concentration upon this car which he was handling.

At the close of plaintiff's evidence, the defendant moved for a directed verdict, on the grounds that the plaintiff's proofs failed to show any actionable negligence on the part of the defendant, and that such proofs showed contributory negligence on the part of the plaintiff, depriving him of the right to recover. The court granted the motion on the first ground mentioned. The trial court was of the opinion, as appears from his oral charge to the jury thus directing a verdict in favor of the defendant, that under the facts disclosed by the testimony the defendant owed to the plaintiff no duty except that of refraining from causing him injury from hidden danger known only to the defendant, and that the evidence did not show the defendant to be guilty of any negligence rendering it liable to the plaintiff for the injuries sustained by him. The correctness of this ruling is duly assigned as error.

[1] We are unable to agree with the conclusion reached by the trial court. The record clearly shows that at the time when plaintiff was injured he was performing his duties for his employer upon the premises of the defendant, and that the defendant knew of his presence there then and for a period of several months prior thereto. Defendant well knew and fully understood that under its arrangement with the plaintiff's employer, by which the latter was moving and handling these cars in the manner described, it was necessary for the employés of the coal company, including plaintiff, to be on and about these tracks upon the premises of the defendant in the performance of their duties. This, indeed, was necessarily incidental to the carrying out of the arrangements made between the defendant and the coal company with respect to the movement and unloading by the latter of the cars of the defendant on and over the tracks in ques-

tion. We cannot doubt that under the circumstances here presented the defendant owed to the plaintiff the duty of exercising reasonable care to keep the premises where he was thus working free from unusual and unnecessary obstructions and defects which would be likely to cause him injury. Middleton v. P. Sanford Ross, Inc., 213 F. 6, 129 C. C. A. 622 (C. C. A. 5); Pennsylvania Railroad Co. v. Lackner, 246 F. 931, 159 C. C. A. 203 (C. C. A. 3); Hodges v. Erie Railroad Co., 257 F. 494, 168 C. C. A. 498 (C. C. A. 6); Waldron v. Director General, 266 F. 196 (C. C. A. 4); Director General v. Reynolds, 268 F. 948 (C. C. A. 6).

It would seem, also, that as plaintiff, a servant of his immediate employer, the coal company, was at the time of his injury performing his duties upon premises furnished by defendant, the latter had temporarily undertaken to perform for said employer the duty which the latter owed to plaintiff of using reasonable care to provide him with a safe place to work, and that, if defendant failed to perform such assumed duty to plaintiff, it was liable to him for resulting damages. 18 Ruling Case Law, 542; Pennsylvania Railroad Co. v. Hummel, 167 F. 89, 92 C. C. A. 541 (C. C. A. 3); Idaho & W. N. Railroad Co. v. Wall, 184 F. 677, 106 C. C. A. 631 (C. C. A. 9); D'Almeida v. Boston & Maine Railroad Co., 209 Mass. 81, 95 N. E. 398, Ann. Cas. 1913C, 754.

[2] Nor can we avoid the conclusion that there was evidence which at least required the submission to the jury of the question whether the defendant negligently placed and left these rails lying where they were, and must have been known by defendant to be, a constant menace to plaintiff while engaged in the performance of his duties on its premises. Cincinnati, N. O. & T. P. Railroad Co. v. Davis, 293 F. 481 (C. C. A. 6); Baltimore & Ohio Railroad Co. v. Kast, 299 F. 419 (C. C. A. 6); Baltimore & Ohio Railroad Co. v. Flechtner, 300 F. 318 (C. C. A. 6). It is unnecessary to determine whether the defendant was guilty of negligence in merely placing such rails there, considering the apparent necessity for their presence for the purpose of making repairs. We are, however, of the opinion that it was a question of fact for the jury whether the defendant, knowing the resultant menace to the safety of the plaintiff, left the rails in their dangerous position an unnecessary and unreasonable length of time, and, if so, whether the act of the defendant in thus increasing the peril to the plaintiff, constituted negligence which was the direct and proximate

cause of the injury sustained by plaintiff. Snare & Triest Co. v. Friedman, 169 F. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367 (C. C. A. 3); McGrath v. American Express Co., 219 Mass. 314, 106 N. E. 855; Burdick v. Chicago & Northwestern Railway Co., 123 Minn. 105, 143 N. W. 115.

[3] We think, also, that the testimony of the plaintiff regarding the emergency and difficulty confronting him at the time of his injury, and all of the surrounding circumstances, made the question as to his contributory negligence one for the jury, at least upon the present record.

It is unnecessary to consider whether plaintiff's employer, the coal company, also failed to perform its duty of care towards plaintiff, as any such failure would have constituted, at most, merely negligence concurring with that of the defendant, and would not have absolved defendant from liability for its own negligence.

For the reasons stated, the judgment must be reversed, and a new trial ordered.