JOSEPH H. LEVESQUE *vs.* THE AMERICAN RAILWAY EXPRESS COMPANY.

Hampden.   November 19, 1926. — January 19, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Invited person, Of railroad.   *Railroad.*

At the trial of an action against an express company by a person rightfully upon a railroad station platform for personal injuries suffered when a steel cylinder being transported upon a truck under the control of employees of the defendant fell upon the plaintiff, there was evidence that the defendant paid the railroad company for the use of office, station and express buildings, and that in transporting merchandise over the platform it used four-wheeled trucks; that the cylinder was in an upright position within six inches of the rear end of a truck that had no back rail; that the surface of the platform was corrugated and somewhat worn; that the employee pulling the truck had seen the plaintiff

approach, knew that there was danger of the cylinder falling off, and was moving slowly to avoid that danger; and that an employee who was pushing the truck was not holding or steadying the cylinder. *Held,* that the question, whether there was negligence on the part of the employees of the defendant, either or both of them, was for the jury.

A person, who, while upon a platform of a railroad station for the purpose of purchasing a ticket and taking a train, is injured through negligence of an express company using the platform by permission of the railroad company, is not precluded from recovery from the express company by reason of the fact that he had reached the platform by trespassing upon the railroad location instead of approaching it by a way provided by the railroad company.

TORT for personal injuries with a declaration in three counts. Writ dated July 14, 1923.

In the Superior Court, the action was tried before *Burns,* J. Material evidence is described in the opinion. At the close of the evidence, the judge allowed a motion by the defendant that a verdict be ordered in its favor on all the counts. Verdicts were so entered and the plaintiff alleged exceptions to the ordering of the verdict on the second count.

The case was submitted on briefs.

*C. E. Poirier,* for the plaintiff.

*F. G. Wooden, H. P. Small, & R. D. Mallary,* for the defendant.

SANDERSON, J.    The plaintiff was injured while on the main passenger platform of the Boston and Albany Railroad Company, at Pittsfield, by a cylinder, five feet in length and weighing about one hundred fifty pounds, which fell from a truck of the defendant as it was being moved along the platform by its servants or agents. At the close of the evidence the judge directed a verdict for the defendant. The only question raised is, whether the case should have been submitted to the jury on the second count, which alleges that the plaintiff was an invitee and while in the exercise of due care was injured by negligence of the defendant's servants or agents.

It appeared that the defendant paid the Boston and Albany Railroad Company for the use of office, station and express buildings, and that in transporting merchandise over the platform it used four-wheeled trucks. At the time of the accident the cylinder which fell was loaded in an

upright position within six inches of the rear end of a truck that had no back rail. The plaintiff was near the rear end of the truck when he saw the cylinder falling and tried to avoid it, but was struck by it and injured. There was evidence that the surface of the platform was corrugated and somewhat worn. The man pulling the truck had seen the plaintiff on the tracks coming toward the platform. He testified in substance that there was danger of the cylinder falling off and that he was moving slowly to avoid that danger. The employee who was pushing the truck testified that he was not holding the cylinder. It was the purpose of the defendant's employees to move the loaded truck to make room for passengers to pass along the platform. The jury could have found negligence on the part of the defendant, because of carelessness either in the method of loading the cylinder, or in failing properly to guard it while moving the truck.

The contention of the defendant is not that the plaintiff was careless, but that when injured he did not have the rights of an invitee of the railroad company. It appeared that it was the plaintiff's intention to buy a ticket at the station and take a train that was due soon after he arrived at the platform. There are tracks on each side of the platform, and the only method provided by the railroad company for reaching it is through the lower story of the station and then up a stairway to a place near the center of the platform. The plaintiff, however, instead of coming to the platform through the railroad station, followed directions given by some one on the street in response to his inquiries, and came upon its extreme easterly end after walking several hundred feet on the railroad location and crossing the rails of two tracks. Before he was injured, he had reached the platform in safety and proceeded on it about one hundred and fifteen feet toward the station. After his injury he went to the ticket office, bought a ticket to Springfield, returned to the platform and took the train which he had come to take.

The plaintiff was injured upon a platform apparently intended to be used by persons taking or leaving trains of the railroad company, and for other purposes connected

with its business. If he had come to the station in the way provided by the company and then gone upon the platform to await the arrival of a train which he intended to take, he would be an invitee while on the platform. *Murr* v. *Boston & Maine Railroad,* 204 Mass. 74. See also *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136; *Judson* v. *American Railway Express Co.* 242 Mass. 269. Even if one's purpose in going to a railroad station is merely to obtain a time table he has the rights of an invitee. *Bradford* v. *Boston & Maine Railroad,* 160 Mass. 392. It is contended, however, that the plaintiff cannot be found to have the rights of an invitee because he came to the platform in an unauthorized way. While the plaintiff was upon the railroad location and before he reached the platform his only rights would be those of a trespasser, but when he was upon the platform on his way to buy a ticket and then take a train, he could be found to be using the platform for the purpose of transacting business with the railroad company and thus to have the rights of an invitee. The manner in which he approached the platform had then become an immaterial consideration and could not be held to be the proximate cause of the accident.

In *Burk* v. *Walsh,* 118 Iowa, 397, the plaintiff who had entered the defendant's store in an unauthorized way, but was there for an authorized purpose, was held to have the rights of an invitee.

Issues of the plaintiff's due care and of the defendant's negligence should have been submitted to the jury. See *McGrath* v. *American Express Co.* 219 Mass. 314.

*Exceptions sustained.*