[No. 24209. Department One. February 16, 1933.]

JENNIE MCNAMARA, *Respondent*, v. DANIEL BEKINS
et al., *Appellants.*[1]

*Fred B. Morrill,* for appellants..

*Robertson & Smith,* for respondent.

PARKER, J.—The plaintiff, Mrs. McNamara, commenced this action in the superior court for Spokane county seeking recovery of damages for personal injuries, resulting to her, as she claims, from the negligence of the defendants, Bekins and wife, incident to her dealings with them in their moving and storage business. Trial in that court, sitting with a jury, resulted in verdict and judgment awarding to her recovery against them, from which they have appealed to this court.

The principal contention here made in behalf of appellants is that the evidence does not support the verdict and judgment; and that the trial court should have so decided, as a matter of law, in response to appropriate, timely motions made in that behalf. This

[1]Reported in 18 P. (2d) 1044.

contention is rested upon the theory of want of proof of negligence on the part of appellants and conclusive proof of contributory negligence on the part of Mrs. McNamara.

We think the controlling facts, as the jury might have viewed, and evidently did view, them from the evidence, may be fairly summarized as follows: Appellants conduct a moving and storage business; their office and storerooms being situated in Spokane. Their office is on the ground floor, and fronts on one of the business streets of the city. To the rear of the office, on the same level, is the unloading room, approximately twenty-five feet square. To the rear of the unloading room is a driveway, under roof, approximately thirty feet wide and seventy feet long, extending into the building from the alley at the rear. Its floor is two feet below the floor of the unloading room. This is for convenience in loading and unloading trucks upon their being backed into the driveway to its inner end, which is also the edge of the unloading room.

There is a steel curtain capable of being raised and lowered between the outer edge of the unloading room and the inner end of the driveway, which hangs directly over the two foot drop from the floor of the unloading room to the floor of the driveway. This curtain and the space it is used for closing are approximately fifteen feet wide, measured from the left wall of the unloading room and driveway looking out along the driveway. At the right end of the curtain space there is a concrete column which stands approximately on the center projected line of the driveway. To the right of this column there is an opening through which one may pass onto a platform extending a short distance along the right side of the inner end of the

driveway. It is on the same level as the floor of the unloading room, and is a continuance of the unloading room floor. The floors of the unloading room, the platform and the driveway are all concrete.

At the time in question, Mrs. McNamara had some goods in storage with appellants. She was having some controversy with them, or rather with their manager, relative to the goods and storage charges therefor. One item of the controversy was over the weight of one of her trunks. She went to the office of appellants, and in her controversy with the manager, became very much excited and almost hysterical. Indeed, she seems to have been in that condition when she came to the office, evidently as the result of thinking of her real or imagined unfair treatment relating to the storage of her goods.

However, with reference to the controversy over the weight of the trunk, the manager escorted her back into the unloading room with a view of having the trunk weighed in her presence, evidently hoping to satisfy her by that means. She accompanied him through the back door of the office into the unloading room, where there was artificial light. When they came near the column between the end of the curtain and the space on the opposite side, the curtain being down, she stopped. She testified, "I was wondering where I was going." He proceeded past the column on its right and raised the curtain by means of chain and pulley which were situated near its side facing out towards the driveway. Immediately thereafter, looking past the left side of the column and seeing him some six or seven feet away, assuming that he was going to take her further on, she proceeded directly towards him, stepped off the two foot drop, fell to the floor of the driveway, and was painfully injured.

She had very poor eyesight, and this, we think the

jury were warranted in believing, was known to the manager before he escorted her back from the office into the unloading room. She testified that she thought the floor of the unloading room continued on the same level, and by reason of her impaired eyesight she did not notice that there was on the left of the column a drop of two feet.

The evidence is not free from conflict, but we think it was such that the jury could have viewed it as showing facts substantially as we have summarized them. It seems to us that we would not be justified in disturbing the verdict, either because of want of proof of appellants' negligence or because of conclusive proof of contributory negligence on the part of Mrs. McNamara.

Some further contention is made in behalf of appellants that there was misconduct on the part of the jury occurring during its deliberations. Some support is given to this contention by the affidavits of two of the jurors only. This is controverted by affidavits of the ten other jurors. We think that the trial court did not abuse its discretion in denying a new trial upon the ground of misconduct of the jury.

The judgment is affirmed.

TOLMAN, HOLCOMB, MITCHELL, and MILLARD, JJ., concur.