## SOUTHERN PAC. CO. v. SCHWARTZ.

### No. 8289.

Circuit Court of Appeals, Ninth Circuit.

March 15, 1937.

Francis M. Hartman, of Tucson, Ariz. (Guy V. Shoup, of San Francisco, Cal., of counsel), for appellant.

Thos. J. Elliott and Joseph H. Riley, both of Tucson, Ariz., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Reversal is sought of a judgment in favor of plaintiff against the defendant for failure in duty owed plaintiff, as in-

vitee upon its premises at Tucson, Ariz., for plaintiff's safety.

Concisely stated, it is charged, and evidence produced tended to show, that a dangerous and deceptive condition in defendant's baggage and parcel room was maintained and permitted to exist; that plaintiff, wholly ignorant thereof, and not having been warned of such condition, walked into the same, slipped and fell to her hurt.

Eight errors are assigned, viz.: (1) Overruling defendant's demurrer to plaintiff's complaint; (2) error in denying defendant's motion for a directed verdict; (3) error in giving plaintiff's requested instructions 4, 5, 6, and 7, and refusal to give defendant's requested instruction (8) error in denying motion for a new trial.

■ The appellant in its brief, "for the sake of brevity," argued the assignments together. Error 3 is insufficient to raise a question on appeal, in that it does not show the ground of objection to the instruction. Royal Finance Co. v. Miller, 47 F.(2d) 24, at page 27 (C.C.A.9); Sacramento, etc., Co. v. Loucks (C.C.A.) 36 F.(2d) 921; Dayton Rubber Mfg. Co. v. Sabra (C.C.A.) 63 F.(2d) 865; Heuss v. United States (C.C.A.9) 88 F.(2d) 307, decided February 23, 1937. Errors 1 and 2 will be considered together. The court's refusal to give defendant's requested instructions 5, 6, 7, and 8 will be considered as one group.

As to errors 1 and 2, a cause of action is stated and there is substantial evidence to sustain it. The alleged claimed errors must therefore be denied. The weight of the evidence is for the jury.

The floor of the baggage room, where the accident befell plaintiff, is on a level with the entrance. A wooden platform extends westward from the entrance into the baggage room for approximately 18 feet, and constructed on said platform from the south is a wooden counter approximately 42 inches high from the platform, extending along and over said platform in a westerly direction approximately 19 feet and 6 inches. At the end of the platform was a wooden step resting on the concrete floor of the baggage and parcel room. The opening for the incline of the step extended along the counter 18 inches from the end thereof and was 12 inches high. The steps were 6 inches high.

Plaintiff says she entered the station house, approached the ticket agent in charge to ask the arrival and departure of a train to Wichita, Kan. She intended to leave within a few days for the said named place. "I asked the agent if he could tell me if I would have time to go to the post office and mail this letter, and get it off on the morning train east, * * * he directed me to this baggage room, and he said, 'You can get the information that you want there,' so I went directly out of the waiting room on the platform, and towards the baggage room and just as I went towards the man behind the counter there, near the west part, behind the counter, near the west end of the counter, I started to speak to him, and before I could speak to him, I fell over, right over on my right side." There were a number of people in the ticket office and baggage room. I knew nothing about the platform not extending over to the end of the counter. "I saw someone busy at the west end of the counter, and I went on to speak to this man * * * and just started to speak to him when off I went very quickly onto this concrete floor." "I have been in that baggage room a number of times before. * * * and have checked my baggage at the counter. * * * I do not think I ever had to go through the baggage room either way." And on cross-examination plaintiff said: "I know I went towards the end of the counter. I just started to talk to him to get the information. * * * I did not speak. * * *" "I was not walking west when I fell." "I suppose I was walking when I fell. * * *" "I was just walking along the counter to reach the man that was behind it and facing the man." I had not reached the end of the counter when I fell. I supposed the platform extended around the counter and did not look for any steps.

■ We have quoted the testimony favorable to the plaintiff. If this is true, it is substantial, and the credibility and the weight was for the jury to determine, Kern v. Great Atlantic & Pacific Tea Co., 241 N.Y. 600, 150 N.E. 572; likewise to consider and weigh it with other testimony which was produced. The construction of an appliance or service necessity or convenience to carry on its business to which the public is invited may not be faulty, but the manner and

use for which it was employed, and to which the public is invited, must be such as a reasonably prudent person in the exercise of reasonable care would not be deceived thereby. Greene v. Sibley, Lindsay & Curr Co., 232 App.Div. 53, 248 N.Y.S. 491; McNamara v. Bekins et al., 171 Wash. 683, 18 P.(2d) 1044. The non-uniformity of the counter to the floor to the end of the counter, behind which is the person held out for service and with whom the public is invited to do business, are circumstances to be determined by the jury. Quirk v. Siegel-Cooper Co., 43 App.Div. 464, 60 N.Y.S. 228. As to whether a person approaching the man behind the counter in the place for service in this business room, where were many persons, in walking along the counter to address the man to whom she was directed behind the counter, would as a reasonably prudent person be watching the floor or should and would look to see whether the floor extended to the end of the counter, and should be charged with negligence for stepping into the open stairway, is clearly a question to be determined by the jury. Whether the floor condition at the end of the counter was deceptive was clearly for the jury to determine. While the accident occurred at 10 o'clock a. m. in clear daylight, the door to the room being open, the situation and environment was all very pointedly and full presented to the jury in the condition in which the place was when the injury occurred.

It was for the jury to determine whether the condition on all the circumstances was deceptive. Touhy v. Owl Drug Co., 6 Cal.App.(2d) 64, 44 P.(2d) 405; Levesque v. American Ry. Express Co., 258 Mass. 315, 155 N.E. 25; Nelson v. F. W. Woolworth & Co., 211 Iowa, 592, 231 N. W. 665.

 Whether the plaintiff was an invitee was a question of fact for the jury's determination. Levesque v. American Ry. Express Co., supra; 52 Corpus Juris, 613, § 2166 N. 93.

The floor level cases have no application. The counter in the instant case extending 18 inches beyond the floor level is clearly distinguished.

The charge of contributory negligence was a matter for the jury's determination. This issue was fully and fairly submitted to the jury.

 There is no evidence to support the defendant's requested instructions 1, 5, 7, and 8, and therefore no error in refusal to give them. Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann. Cas.1914D, 905; Bird v. United States, 187 U.S. 118, 132, 23 S.Ct. 42, 47 L.Ed. 100; Brett v. United States (C.C.A.) 86 F.(2d) 305, 308; Lonergan v. United States (C.C.A.9) 88 F.(2d) 591, decided March 5, 1937; Johnson v. Smith, 114 Wash. 311, 194 P. 997; Oles v. Kahn Bros. et al., 81 Cal.App. 76, 253 P. 158.

 The verdict of a jury should not be set aside for lack of evidence unless the testimony from any view which can properly be taken would not support recovery. Myers v. Pittsburgh Coal Co., 233 U.S. 184, 34 S.Ct. 559, 58 L.Ed. 906.

Affirmed.