MURRAY ESAU *vs.* TRUSTEES OF NEW YORK, NEW
HAVEN AND HARTFORD RAILROAD COMPANY.

Norfolk.    May 8, 9, 1947. — May 29, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Railroad: station platform; Contributory; Invited person.
*Proximate Cause. Practice, Civil,* Requests, rulings and instructions.

One who, after having procured a time table at a railroad station to plan
a trip on the following day, was leaving the premises on a passengers'
platform maintained as a part of the premises, did so at the implied
invitation of those maintaining the railroad, and they owed him the
duty of exercising care to keep the platform in a reasonably safe
condition for his use.

A falling away, to a width of almost eighteen inches and a depth of "a
very good one and one half or one and three quarters inches," of a
stone dust surface of a walk adjoining a railroad station where the
walk met a wooden platform continuing its course within a few feet
of the rails of the railroad, so that the toe of a business visitor leaving
the station struck the edge of the planking and he fell under the wheels
of a passing train, warrantably was found to have shown negligence
on the part of those maintaining the railroad and to have been the
proximate cause of the visitor's injuries.

Evidence of the circumstances in which a business visitor, in walking on
a platform when leaving a railroad station, caught his toe at a point
where a portion of the platform composed of stone dust was an inch
and a half to an inch and three quarters below a portion composed
of wood, did not as a matter of law require a finding of contributory
negligence on his part.

No error appeared in the denial of a request for a ruling which had no
basis in the evidence.

A judge presiding at a trial is not required to grant a request for a ruling
based on an indecisive fragment of the entire evidence upon one of
the main issues on trial.

TORT. Writ in the Superior Court dated March 8, 1946.

The declaration was in two counts, the first based on alleged negligence, and the second on the alleged maintenance of a nuisance.

The case was tried before *Cabot,* J., who ordered a verdict for the defendant on the second count and denied a motion

of the defendant for a directed verdict on the first count. Both parties alleged exceptions.

*S. C. Rand,* (*G. d'A. Belin, Jr.,* with him,) for the defendants.

*R. J. Coffin,* for the plaintiff.

RONAN, J.    The plaintiff on the afternoon of February 12, 1946, travelled along the platform or walk leading to the Weymouth station of the defendants' railroad where he procured a time table, as he was planning a trip to Boston on the next day. He stood in the station a few minutes reading the time table, and then left the station intending to retrace his steps and go to the street. As he was walking along the platform a train which had stopped at the station started up and was passing by him when his left toe struck the edge of the planking, which constitutes a part of the platform and spans a brook, causing him to fall in such a manner that both of his feet were crushed by the train. The plaintiff had a verdict.

The defendants excepted to the denial of a motion for a directed verdict, and contend that the evidence was insufficient to warrant a finding of negligence upon their part and that the plaintiff as matter of law was guilty of contributory negligence.

Considering the evidence in the light most favorable to the plaintiff, we summarize the findings which could be warrantably made by the jury. The plaintiff had approached the station platform from Quincy Avenue and travelled easterly along the walk or platform, which was about eight feet wide and had a surface of stone dust, except where the surface was of planking over a brook for a distance of thirty feet. He left the station shortly after obtaining the time table and was travelling in a westerly direction along the platform, which was located south of the tracks, when his left toe struck the edge of the planking causing him to fall so that his feet were crushed by the train, which had started up soon after he had left the station and was proceeding in a westerly direction on his right at the time of the accident. The surface of the center of the stone dust platform or walk was flush with the easterly

side of the planking, but there was a depression between the inside or southerly part of this walk and the adjoining planking. There was another depression between the outside or northerly part of the walk and the planking, which extended in from the outside or track side of the walk for a distance of two feet or more. This last mentioned depression with which we are now concerned was almost eighteen inches wide, and looked like a place where "the dirt was gouged away like it had been washed out." For a number of years water would settle in this place after a storm. The edge of the planking at this place projected "a very good one and one half or one and three quarters inches" above the stone dust walk.

The plaintiff was upon the premises at the implied invitation of the defendants with respect to the transaction of a matter in which both parties had a mutual interest. He was a business visitor travelling along the platform which had been constructed and maintained for the use of those who came upon the premises to deal with the defendants with reference to a matter connected with the commercial enterprise conducted there by the defendants. *Bradford* v. *Boston & Maine Railroad,* 160 Mass. 392. *Murr* v. *Boston & Maine Railroad,* 204 Mass. 74. *Levesque* v. *American Railway Express Co.* 258 Mass. 315. *Fournier* v. *New York, New Haven & Hartford Railroad,* 286 Mass. 7. *Ward* v. *Boston Terminal Co.* 286 Mass. 517.

The defendants owed the plaintiff the duty of exercising care to keep the premises in a reasonably safe condition for his use. The depression extended in from the northerly edge of the platform and was in close proximity to the tracks. The degree of care that the defendants were bound to use was commensurate with the dangers that might arise from the absence of such care. Whether the defendants failed to exercise the appropriate degree of care in permitting the platform or walk to be and remain in the condition shown by the testimony was an issue of fact which was properly submitted to the jury. The statutory obligation of cities and towns with reference to the safety of their public ways for the benefit of travellers is certainly no

higher than the care owed by a common carrier to one lawfully and rightly upon its premises, and yet cities and towns have been held liable for a breach of this statutory duty when the defect in the way did not project any higher above the way than did the planking in the instant case. *Redford* v. *Woburn*, 176 Mass. 520. *Thomas* v. *Winthrop*, 222 Mass. 456. *George* v. *Malden*, 274 Mass. 606. *Sears* v. *Greenfield*, 287 Mass. 445, 447. *Smith* v. *Fall River*, 295 Mass. 88. *Callagy* v. *Boston*, 297 Mass. 53, 54.

The defendants, however, contend that according to the plaintiff's testimony he was travelling along the platform two and one half to three feet from the outside or northerly edge of this eight foot platform and that, as some three feet or more of the center of the platform was flush with the planking, the plaintiff could not have been injured by the alleged depression, which did not extend in that far from the northerly edge of the platform, and that this must be especially true since it was the stubbing of the left toe that caused him to fall. In other words, the contention is that there was no causal connection between the depression and the accident. The distances given by the plaintiff with reference to the outside of the platform as he travelled along were not exact measurements but were estimates, and could be so understood by the jury who were to pass on their accuracy. *Fowler* v. *South End Amusement Co.* 299 Mass. 317. *Bresnahan* v. *Proman*, 312 Mass. 97. The plaintiff testified that he tripped when his toe caught "on the plank that was sticking up." The jury also had the testimony of a police officer, who arrived shortly after the accident and who observed a scuff mark which was six inches on the stone dust platform and ended at the planking, that the depression was right where this mark was. The evidence was ample to show a causal connection between the projecting plank and the plaintiff's injury. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 206. *Braimaster* v. *Wolf*, 320 Mass. 620.

The plaintiff could assume to a reasonable extent that the platform was in a proper condition for his use. He could walk along in the ordinary manner looking straight ahead as the jury could find he did. They could also find that noth-

ing had come to his attention which should have caused him to realize that the continuance of his journey might be fraught with danger. His conduct fell far short of being negligent as matter of law, and whether it was as matter of fact was for the jury to say. *Frost* v. *McCarthy*, 200 Mass. 445. *McGrath* v. *American Express . Co.* 219 Mass. 314. *Rice* v. *Rosenberg*, 266 Mass. 520. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238. *Silver* v. *Cushner*, 300 Mass. 583. *Mello* v. *Peabody*, 305 Mass. 373. *Reagan* v. *Belmont*, 316 Mass. 467. *Hayes* v. *Boston Fish Market Corp.* 319 Mass. 556.

The defendants excepted to the denial of their ninth request that a difference in level between the stone dust walk and the planking of one inch or less was not evidence of negligence of the defendants. The judge had instructed the jury in accordance with another request that a difference of three quarters of an inch was not evidence of negligence. The jury must have found that the difference was more than three quarters of an inch. The testimony of one of the defendants' witnesses that the difference was one half of an inch becomes unimportant. The only other witness called by the defendants who testified to the difference placed it at a little more than an inch, and all of the plaintiff's witnesses who testified to the difference placed it at a higher figure. Consequently there was no evidence upon which this request could be based, and there was no error in its denial. The seventh and eighth requests were in the same form as the ninth except the difference of level was stated in one as less than two inches and in the other as one and one half inches or less. It could not be ruled, as shown by the defective highway decisions already cited, that an elevation of anything less than two inches or one of one and one half inches was not evidence of negligence when considered with the other evidence, showing the location of the elevation, the size and age of the adjoining depression, and the large number of people who daily used this station platform. Furthermore the judge was not required to give requests which single out a small fragment of the entire evidence submitted upon one of the main issues on trial when the

evidence selected is itself not decisive of the case.  *Gregory v. Maine Central Railroad,* 317 Mass. 636, 641–642.

The defendants' exceptions are overruled and the plaintiff's exceptions are dismissed.

*So ordered.*