FRANCES E. WHITE & another *vs.* NEW YORK CENTRAL RAILROAD COMPANY & others.

Worcester. October 23, 1957. — November 6, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Negligence,* Railroad: station platform; Contributory. *Practice, Civil,* Amendment.

There was no error in allowing the plaintiff in an action to amend her declaration so as to set forth the cause of action which she intended to try and which was in fact fully tried. [380]

Evidence warranted a finding of negligence on the part of a railroad toward a passenger injured at night on a station platform when, after passing through an open train gate on her way to her train, she came in contact with a rod which she did not see connecting two baggage trucks standing in a dark place opposite the train gate and in the direct path to her train and a short distance from its conductor, who was

standing at the rear of the train holding a lighted lantern awaiting passengers but who gave her no warning of danger although she was in full view; and a finding of contributory negligence on the part of the passenger was not required. [381–382]

TORT. Writ in the Superior Court dated April 1, 1954.

The action was tried before *Meagher,* J.

In this court the case was submitted on briefs.

*Austin M. Pinkham,* for New York Central Railroad Company.

*Edmund Burke,* for the plaintiffs.

RONAN, J. These are the defendant railroad's exceptions to the allowance of an amendment to the declaration and to the refusal to direct a verdict for this defendant.

The female plaintiff, hereinafter called the plaintiff, her husband, their son and nephew, after spending the afternoon at the Rodeo in Boston, arrived a little after seven o'clock at the South Station in Boston to take a train to their homes in Worcester. All the group had return tickets to Worcester. They were at a lunch bar for a few minutes when an announcement was made over the public address system. The plaintiff left followed by her companions and went to the train gate which was open and bore a schedule showing that it was the entrance to the train for Worcester. The train was awaiting the arrival of passengers. Inside and opposite the open train gate was a single line of four wheel baggage trucks. Two of these trucks opposite the open gate were connected by a handle or rod which was located a foot from the ground. It was dark in this place. The plaintiff did not see the connecting rod and while on her way to the train she came in contact with it and was thrown down.

There was no error in allowing the plaintiffs to amend their declaration so as to set forth the cause of action which they intended to try and which was in fact fully tried. The allegation of the relationship of the defendant railroad to the place where the plaintiff received her injuries was a mere matter of inducement. The plaintiff was a passenger and a breach of a duty which caused her injury is plainly

and sufficiently set forth. *Maker* v. *Bouthier,* 242 Mass. 20, 23. *Klein* v. *Boston Elevated Railway,* 293 Mass. 238. *Drury* v. *Hartigan,* 312 Mass. 527, 529.

There was no direct evidence as to the length of time the baggage trucks had remained where they were prior to the accident. There was so far as the record goes no evidence that they were in the immediate charge of anyone. Nothing was shown that any excuse existed for parking them opposite the gate in the direct path of passengers intending to board the train for Worcester. If there could be any excuse for leaving them where they were, there is no excuse for not unshackling the connection of the two trucks opposite the open train gate. Moreover, an announcement was made from the public announcement system that a train was soon to depart for Worcester. It is assumed that the announcement included the stations at which it was to stop, otherwise there would be no purpose in making the announcement. The jury could reasonably assume that the announcement mentioned Worcester, otherwise the plaintiff when she heard it would not have left the lunch bar ahead of the group she was with and walked toward the gate which was open and exhibited a list of train stops indicating that the train was for Worcester. The Worcester train was waiting with the conductor standing at the rear of the train holding a lighted lantern awaiting the arrival of passengers. He was such a short distance from the plaintiff when she fell that he reached her before her husband. The conductor did nothing in the way of warning although she was in full view when she appeared at the open gate on her way to the train. The neglect to warn her could be found to be a breach of his duty to avoid a danger of which on account of the darkness she did not know but of which he knew or ought to have known. The defendant railroad was bound to exercise the degree of care owed to a passenger by a common carrier in furnishing a reasonably safe and convenient access to its train. *Young* v. *New York, New Haven & Hartford Railroad,* 171 Mass. 33. *Levesque* v. *American Railway Express Co.* 258 Mass. 315. *Esau* v. *Trustees of*

*New York, New Haven & Hartford Railroad,* 321 Mass. 330.
See *McGrath* v. *American Express Co.* 219 Mass. 314.

The plaintiff's failure to see the rod connecting the two
baggage trucks before she came in contact with it presented
a question of fact which was properly submitted to the jury.
*Rice* v. *Rosenberg,* 266 Mass. 520.   *Mello* v. *Peabody,* 305
Mass. 373.   *Hayes* v. *Boston Fish Market Corp.* 319 Mass.
556.

*Exceptions overruled.*